## STANDFORD vs. WHEELER, Auditor.

STATUTES CONSTRUED: *Sec.* 127, *revenue act of March* 25, 1871, *construed.* The county clerk claiming, that under sec. 127 of the revenue act, approved March 25, 1871, he was entitled to five dollars for each certificate issued for lands sold to the state for the nonpayment of taxes, presented his account to the auditor for services in that respect, who refused to allow or audit the same. On petition for *mandamus*: *Held,* that the auditor was not authorized to audit accounts against the state for the payment of such fees, without an express legislative provision allowing such compensation to clerks, and without a legislative appropriation for such purpose.

PETITION for *Mandamus.*

*A. H. Garland,* for petitioner.

*T. D. W. Yonley,* Attorney General, for defendant.

SEARLE, J.    On May 2, 1873, the petitioner, who is clerk of Jefferson county, presented to the auditor of state for allowance, etc., his account, which is in words and figures as follows :

" *State of Arkansas, to R. H Standford, Dr.:*

" To conveying the land of 510 certificates of the clerk of Jefferson county, forfeited to the state in 1871, and recording the same as required by law, $5.00 = $2,550.    1873, April 9th ; " and which account is sworn to by the petitioner.    The auditor refused to audit said account.    Whereupon the peti-

tioner petitioned this court for a writ of *mandamus* directed to said auditor, commanding him, etc.   We understand from the petitioner's account, that he has executed conveyances to the state of lands sold to the state for nonpayment of taxes, upon presentation of five hundred and ten certificates of purchase, as required by section 127 of the revenue act, approved March 25, 1871, and that he has recorded the same; and for which he claims compensation at the rate of five dollars for each certificate.

The petitioner's counsel asserts that "under the revenue act of 1871, it is by no means certain that Standford is not entitled to five dollars for each tract of land conveyed; but that he is entitled to five dollars for each certificate, there can be no question."

We have carefully examined this act, and we can find no provision whatever for the payment of five dollars for each tract conveyed.   Nor can we find any provision for the payment of five dollars for each certificate of purchase issued, whether to the state or to a private person.

Section 127 of the revenue act of 1871 declares that "deeds shall be made to the state for lands sold for taxes by the county clerk," etc.   Nothing is said in this section, or anywhere else in the act expressly about the clerk's fees for such deeds.   Section 133 provides for the execution of the proper deeds by the clerk for lands sold for taxes, to the person or persons entitled to receive the same; and that "he," the clerk, "shall be entitled to charge and receive a fee of five dollars" therefor.

If the legislature intended to include the state within the operation of the latter clause of the section just quoted (and this we are not inclined to concede), placing the state in the same category in the payment of such fees as private persons, still. the petitioner is not entitled to the writ prayed for; for

neither his account against the state, which he presented to the auditor, nor his petition here, specifies the number of deeds he executed to the state, nor does the petitioner ask to be compensated according to the number thereof. He alleges that he conveyed the land of five hundred and ten certificates of purchase, and he asks for compensation for such conveyance at the rate of five dollars per certificate. By his showing, therefore, granting that the law is in his favor, he is not entitled to the writ.

In conclusion, we will remark that the auditor would not be authorized to audit accounts against the state for the payment of such fees without an express legislative provision allowing such compensation to clerks, and without a legislative appropriation for such purpose.

We are of opinion that the writ ought not to be issued.