CITY OF ST. LOUIS, Appellant, v. SOMMERS, Justice of the Peace.

### Division Two, March 7, 1899.

1. **Justice of Peace**: MARRIAGE FEES IN ST. LOUIS: PERQUISITES. Under the statute of 1891, providing for an annual salary for justices of the peace in St. Louis, and requiring "the fees and costs taxed and collected in said court" to be collected by the clerk and constable, etc., a justice of the peace is entitled to retain, in addition to his salary, all fees he may receive for performing marriage ceremonies. Said statute does not say he is to receive the salary in lieu of all fees, but that amount "for services in his court."

2. ——: MARRIAGE: JUDICIAL ACT. The solemnization of a marriage is in no sense a judicial act, and when it is performed by a justice of the peace he does not act as a judicial officer.

3. ——: MUNICIPAL OFFICER. Nor is he required to turn said fees into the city treasury by reason of section 5031, Revised Statutes 1889. That section applies to municipal officers, who by reason of being municipal officers, perform duties for the State also, and requires them to turn into the city treasury all fees of every kind received by them, but does not apply to justices of the peace who are judicial officers under the laws of the State and not municipal officers.

*Appeal from St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

CHAS. CLAFLIN ALLEN for appellant.

(1) While the act contains no direct and positive provision for disposing of the fees of justices which may be collected by constables, the intent and meaning of the act clearly appears when taken as an entirety, and its purposes are considered. It was evidently intended that the salary provided should be in lieu of fees, and that the fees should be paid to the treasurer. The act takes the place of the general law. Section 16 requires fees collected by the constable to be paid to the clerk, and in no instance paid to or received by the justice. That section shows clearly the intention to require all fees of a justice to be paid to the treasurer. Spaulding v. Brady, 128 Mo. 660.

RASSIEUR & RASSIEUR for respondent.

(1) The authority to solemnize marriages is conferred upon justices of the peace in the city of St. Louis by the general law, independent of the act of April 23, 1891, and the fee for such service is not embraced in that act. R. S. 1889, sec. 6843. (2) The justice is entitled to the fee, fixed by statute for solemnizing marriages, notwithstanding the fact that he receives a salary for other services. Throop on Public Officers (Ed. 1892), sec. 443; State ex rel. v. Walker, 97 Mo. 162. (3) Where the language of a statute prescribing compensation to a public officer, is obscure and admits of two interpretations, it should be construed in favor of the officer. Sutherland on Stat. Const. (Ed. 1891), sec. 419.

St. Louis v. Sommers.

GANTT, P. J.—This is an action in which the plaintiff, the city of St. Louis, seeks to recover from the defendant, a justice of the peace, the amounts collected by him as fees for solemnizing marriages. The petition is founded on the proposition that under the act of 1891, referring to justices of the peace in cities of three hundred thousand inhabitants, all fees and costs not collected by the constable shall be paid to the clerk; that no fees shall be received by the justice; and that all fees collected "for services of the justice" shall be turned over to the city. The petition alleges the collection by the defendant of $562 as fees allowed by statute for marriages solemnized by defendant, avers that said amounts were received to the use of the city, and prays judgment. The demurrer admits all facts to be well pleaded.

Final judgment was rendered for defendant on the demurrer, and the city appeals.

A justice of the peace by the laws of Missouri, is authorized to solemnize marriages. [R. S. 1889, sec. 6843.] He is allowed a fee of $2 for solemnizing each marriage. [R. S. 1889, sec. 5005.]

Does the act of 1891, Laws of Missouri 1891, page 175, require him to pay all such fees into the city treasury? Section 12 of said act provides that each justice of the peace, elected under the provisions of said act, which is applicable to the city of St. Louis alone, shall receive a salary of $2,500 per annum, payable monthly out of the treasury of said city. Such justice is required to appoint a clerk of his court to hold office during the pleasure of such justice, who shall give bond.

By section 16 it is provided, "All fees and costs collected in said courts not paid to or collected by the constable or their deputies, shall be paid to and received by said clerks, and in no instance paid to or received by said justices; said clerk shall pay over all said fees collected for services of the justice to the treasurer of said city every thirty days, accompanied by a sworn statement." Section 17 requires said clerks to

keep accurate books in which shall be entered full, complete itemized accounts of all fees and costs taxed or collected in said courts.

A careful reading of the act in question and all of its parts discloses a purpose on the part of the legislature to define his jurisdiction as an inferior judicial tribunal and fix his compensation therefor. For such judicial services and for these alone he is to receive $2,500. It is of these services his clerk is required to keep an accurate book and the fees and costs fixed by the general statutes of the State for such services are required to be taxed and collected by the clerk and constable, and the justice is forbidden to collect such.

The act by its terms only requires the clerks to tax and collect "the fees and costs collected in said courts," and no reference is to be found in the act to fees which the justice may receive for services wholly disconnected from his judicial character. The right to collect the latter is not repealed expressly or by implication and the statute nowhere directs him to pay these into the city treasury.

The solemnization of a marriage is in no sense a judicial act. Were a justice to perform it in his court, no record or note could be made of it. It may be performed anywhere within his jurisdiction, at any and all hours of the night or on Sunday and there is nothing which requires the clerk to attend the justice in his perambulations or to take *ex officio* notice when parties will call upon the justice at his home to perform the marriage ceremony nor does it require the justice to report such ceremony to his absent clerk.

The statute does not give the twenty-five hundred dollars in lieu of all other fees. It simply provides he shall receive that amount as justice of the peace for services in his court. It leaves him the other perquisites of the office.

The intent and the language of the act only requires "the

VOL. 148 mo—26

fees taxed and collected in his court," as such, and in judicial proceedings, to be paid into the treasury.

We were somewhat doubtful whether section 5031, Revised Statutes 1889, did not apply, and require him to pay all fees of every kind into the treasury of the city, but upon further consideration we think that section applies only to municipal officers who by reason of being municipal officers, perform duties for the State also, and not to justices of the peace who are judicial officers under the laws of the State and not municipal officers.

The judgment of the circuit court is affirmed. SHERWOOD and BURGESS, JJ., concur.