[Civ. No. 1056.  Second Appellate District.—March 5, 1912.]

COUNTY OF SAN DIEGO, Appellant, v. SOLON BRYAN, Respondent.

JUSTICE OF THE PEACE—SALARY IN FULL COMPENSATION—FEES FOR SOLEMNIZATION OF MARRIAGES—DUTY OF PAYMENT INTO COUNTY TREASURY.—A justice of the peace of a township in a county of the ninth class, which has a population of sixteen thousand or more, and who, under subdivision 15 of section 4238 of the County Gov-

ernment Act, is entitled to a salary of $150 per month in full of all compensation in both civil and criminal cases, and which, under sections 4290 and 4292 of that act, is in full compensation for services of every kind and description, is not entitled to retain fees paid to him for the solemnization of marriages not expressly authorized to be retained by law, but is in duty bound to pay the same into the county treasury.

ID.—EXPRESS AUTHORITY OF LAW TO RETAIN FEES ESSENTIAL—RULE OF STRICT CONSTRUCTION.—In order that any fees allowed by law may be retained, and not paid over into the county treasury, such retention must be expressly authorized by law; and where the enactment in regard thereto admits of two constructions, the rule of strict construction against the claimant and in favor of the county government is applicable.

ID.—ERROR IN DENYING WRIT OF MANDATE.—It is held that the superior court erred in denying a peremptory writ of mandate to compel the justice of the peace to perform his duty to pay such fees into the county treasury, and that the judgment must be reversed, with directions to issue such peremptory writ.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

H. S. Utley, District Attorney, for Appellant.

Adam Thompson, J. C. Hizar, and Hunsaker & Britt, for Respondent.

ALLEN, P. J.—This is an appeal from the judgment of the superior court of San Diego county denying a peremptory writ of *mandamus* directing the defendant to pay into the county treasury of said county money received by him as a justice of the peace for solemnizing marriages.

The only question presented upon the appeal involves the right of the defendant as such justice to retain as his own such fees, it not being disputed that if such fees belong to the county the proceeding sought is an appropriate one.   The defendant, a justice of the peace, was elected and inducted into office since the adoption of the County Government Act, as amended in 1909.   San Diego by said act is made a county of the ninth class.   Section 4238 of such County Government Act [Pol. Code]   provides: "In counties of the ninth class the

county officers shall receive as compensation for the services required of them by law, the following salaries, to wit: . . . 15. Justices of the peace, in all townships having a population of sixteen thousand or more, one hundred and fifty dollars per month, in full of all compensation in both civil and criminal cases." The answer admits that the population of San Diego township is such as to bring respondent within this limitation as to salary; his contention, however, being that the solemnizing of a marriage is neither a civil nor a criminal case, and therefore the fees received by him are his personal property. The authority of a justice of the peace to solemnize marriages is conferred by section 70 of the Civil Code. Section 4290 of the County Government Act provides: "The salaries and fees provided in this title shall be in full compensation for all services of every kind and description rendered by the officers named in this title, either as officers, *ex-officio* officers, their deputies and assistants, unless in this title otherwise provided," with certain exceptions not here applicable. This section seems to us to comprehend all of the fees received for services rendered in an official capacity, whether performed in a strictly civil or criminal case, or otherwise. We are not of opinion that a proper construction of the County Government Act confers upon a justice of the peace of the township named the right to retain as his own any fees received by him in his official capacity. In *County of Humboldt* v. *Stern,* 136 Cal. 63, [68 Pac. 324], in construing the County Government Act of 1897, and that portion thereof identical with section 4290, the supreme court says: "This provision is a legislative declaration that the officers shall not receive any compensation from the county other than the salaries therein named for any services they may render it, either in the line of their official duty or otherwise. . . . If he is of the opinion that the services asked of him are not within the line of his official duty, he can decline to perform them, but if he performs such services, he cannot afterward insist that it was not a part of his official duty and claim a compensation therefor." By analogy, when an officer performs an act the sole authority for which performance rests upon his official position, he may not insist that the same when performed is not an official act. The County Government Act provides—section 4292—that all salaried officers of the several

counties and townships of this state shall charge and collect for the use of their respective counties, and pay into the county treasury, on the first Monday in each month, the fees now or hereafter allowed by law in all cases, except where such fees, or a percentage thereof, is allowed such officers, and excepting also such fees as are a charge against the county. The allowance of such fees, in order that they may be retained by the officers, must be specially provided by law. The rule of strict construction in favor of the government as against a claimant for extra compensation, where the enactment in reference thereto admits of two constructions, is applicable here. (*Irwin* v. *County of Yuba,* 119 Cal. 686, [52 Pac. 35], and cases cited.) We do not regard the case of *City of St. Louis* v. *Sommers,* 148 Mo. 398, [50 S. W. 102], as an authority in point. In that case the statute only provided that the salary should be received in full of services performed in court; in other words, for strictly judicial duties. The code provisions of this state under consideration are to the effect that such salary shall be in full of all services of any and every kind rendered.

We are of opinion that the court erred in its judgment denying the writ, and the same is reversed, with instructions to issue a peremptory writ of mandate commanding and directing the respondent forthwith to pay into the county treasury the fees collected for solemnizing marriages during his present term of office.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 3, 1912.