[Civ. No. 1195.  Second Appellate District.—October 25, 1912.]

THE CITY OF CORONA (a Municipal Corporation of the Sixth Class), Appellant, v. JOHN L. MERRIAM, and AMERICAN INSURANCE COMPANY OF NEW YORK (a Foreign Corporation), Respondents.

PUBLIC OFFICERS—COMPENSATION OF CITY TREASURER—MUNICIPAL ORDINANCE.—Under a municipal ordinance, providing that "the city treasurer shall receive a salary of fifteen dollars per month, and the sum of one per cent on all moneys received and paid out by him as treasurer," such city treasurer is not entitled to retain for himself both one per cent on all moneys received and one per cent on all moneys paid out, but only one per cent on all moneys both received and paid out by him.

ID.—ADOPTED CONSTRUCTION OF ORDINANCE NOT CONTROLLING.—An adopted construction of the municipal ordinance as to the percentage of the city treasurer, in combining the percentage on all moneys received and paid out, is not controlling.

ID.—STATUTORY CONSTRUCTION AS TO COMPENSATION OF OFFICERS—DUTY OF COURT.—Acts relating to the compensation of officers are strictly construed, and such officers are only entitled to what is duly given by law; and the court, in construing such an act, should simply ascertain and declare what is in substance contained therein, and not insert what has been omitted, or omit what has been inserted.

APPEAL from a judgment of the Superior Court of Riverside County.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

G. R. Freeman, for Appellant.          :

Purington & Adair, and W. S. Clayson, for Respondent Merriam.

H. L. Carnahan, for Respondent American Surety Company.

ALLEN, P. J.—The original action was brought by the city to recover of defendant, its treasurer, upon his official bond, certain public moneys alleged to have been wrongfully, unlawfully, and without right converted by the treasurer to his own use, which sum it is alleged was the property of said city.   It was stipulated upon the trial: "That the defendant John L. Merriam while acting as city treasurer deducted from the moneys in his hands belonging to said city, the sum of $556.43, claiming the right to do so under the terms of an ordinance No. 140 of said city of Corona."   The ordinance referred to provides as follows: "The city treasurer shall receive a salary of fifteen dollars ($15) per month, and the sum of one per cent on all moneys received and paid out by him as treasurer of the said city, which said salary and percentage shall be payable monthly."   It was further stipulated: "If the correct construction of said ordinance 140 is that said defendant Merriam is entitled as city treasurer to one per cent only on all moneys both received and paid out by him, then the judgment will be in favor of the plaintiff and against said

defendant for $556.43"; and further: "If, however, the proper construction of said ordinance is that said defendant is entitled to retain to himself one per cent on all moneys received by him, and also one per cent on all moneys paid out by him, then judgment shall be in favor of the defendant dismissing said action." The trial court in construing said ordinance determined that the proper construction thereof is that said defendant is entitled to retain to himself one per cent on all moneys received by him, and also one per cent on all moneys paid out by him, and dismissed the action at plaintiff's costs, from which judgment plaintiff appeals.

We are of opinion that the court erred in its construction of the ordinance. Section 1858 of the Code of Civil Procedure provides: "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted." We think that the terms of the ordinance are plain and unambiguous. Its literal interpretation, to our minds, comprehends both a receipt and disbursement of funds before any commission is payable. To construe the ordinance otherwise would be to say that the word "and" as it appears in the ordinance should be read "or." Our supreme court in *Robinson* v. *Southern Pacific Co.*, 105 Cal. 543, [28 L. R. A. 773, 38 Pac. 94, 722], has determined that ordinarily the words "and" and "or" are in no sense interchangeable terms, but, upon the contrary, are used in the structure of language for purposes entirely variant. We see nothing which would warrant a court, in the face of section 1858 of the Code of Civil Procedure, in reading into this ordinance the word "or." By so doing an entirely different meaning would be given the ordinance, which, as said in *Robinson* v. *Southern Pacific Co.*, 105 Cal. 543, [28 L. R. A. 773, 38 Pac. 94, 722], would be judicial legislation pure and simple. In addition to this, were it even conceded that the terms of the ordinance are ambiguous, nevertheless, the rule of strict construction applicable in such cases demands that a construction should be given favorable to the government. (*San Diego County* v. *Bryan,* 18 Cal. App. 460, [123 Pac. 347].)

"Acts relating to the fees and compensation of public officers are strictly construed and such officers are only entitled

to what is clearly given by law.'' (Lewis's Sutherland Statutory Construction, sec. 714.) ''It is well-settled law that no officer is entitled to fees of any kind unless provided for by statute, and that the law conferring such right must be strictly construed, because of statutory origin and right.'' (*State* v. *Wofford,* 116 Mo. 220, [22 S. W. 486].)

Respondents insist that, by reason of the fact that defendant had been permitted to retain one per cent of the moneys received, and, in addition, one per cent on moneys disbursed for a time preceding June 1, 1911, the same amounted to an adopted construction. It has never been held, to our knowledge, that a contemporaneous construction adopted by the parties interested in the enforcement of an ordinance is in any sense controlling. The extent to which any of the decisions go is that where an ordinance is ambiguous such adopted construction is to be given weight. But we do not consider the language of the ordinance under consideration to be such as would, under any circumstances, permit an adopted construction to be either controlling, or to be given weight in its construction.

Judgment reversed, with instructions to the trial court to render a judgment in plaintiff's favor for the amount claimed in the complaint.

James, J., and Shaw, J., concurred.