[Civ: No. 1203.   Second Appellate District.—November 16, 1912.]

THE CITY OF SIERRA MADRE (a Municipal Corporation), Respondent, v. F. C. LEHMER, C. M. GEHR-KENS, and HENRY SIEMER, Appellants.

COMPENSATION OF CITY TREASURER—PERCENTAGE ON MONEYS "RECEIVED AND PAID"—MUNICIPAL CORPORATION ACT—CASE AFFIRMED.—Where the compensation of a city treasurer is based on section 876 of the Municipal Corporation Act, which provides that he "shall be allowed one per centum on all moneys received and paid by him as such treasurer," he is not entitled to a percentage on moneys received and also on moneys paid. The percentage should be computed solely upon the amount paid out by him from that which he had received. *City of Corona* v. *Merriam et al., ante,* p. 231, approved.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. D. Murphey, Judge presiding.

The facts are stated in the opinion of the court.

Shaw & Stewart, for Appellants.

Charles C. Montgomery, for Respondent.

SHAW, J.—The facts presented by the record herein are identical with those involved in the case of *City of Corona*

v. *Merriam et al., ante,* p. 231, [128 Pac. 769], an opinion which was filed in this court October 25, 1912.

In each case the action was one prosecuted by the city against its treasurer to recover from him and his sureties moneys retained by him and claimed as compensation for ser-. vices as such city treasurer. In the Corona case the claim of the treasurer was based upon an ordinance providing that, in addition to a salary of fifteen dollars per month, he should receive "one per centum on all moneys received and paid out by him as treasurer." In the case at bar the claim of the treasurer, in the absence of an ordinance fixing his compensation, is based upon section 876 of the Municipal Corporation Act, (Henning's General Laws, p. 907) which provides that he "shall be allowed one per centum on all moneys received and paid by him as such treasurer." It thus appears that, except in the one case the compensation is fixed by ordinance, while in the other it is fixed by statute, the provisions are identical. In each case the treasurer insisted that by virtue of the provisions quoted he was entitled to one per cent, not only upon the amount of money received by him as treasurer, but a like percentage upon the amount paid out, while the claim of the cities was that the percentage should be computed upon the amount paid out by him from that which he had received.

In the case at bar the trial court accepted the latter view, which is in accordance with the opinion of this court rendered in the case of *City of Corona* v. *Merriam et al., ante,* p. 231, [128 Pac. 769]. Upon the authority of that case, the facts presented being the same, the judgment from which defendants appeal must be and is affirmed.

Allen, P. J., and James, J., concurred.