THE STATE at Relation and to Use of JASPER COUNTY, Appellant, v. FRANK L. GASS et al., Appellants.—296 S. W. 431.

Court en Banc, June 27, 1927.

**1. CIRCUIT JUDGE: Salary: As Jury Commissioner.** The compensation of a jury commissioner of Jasper County as such is $2500 per year, and is payable to the judge of the circuit court by virtue of his office as circuit judge. The $1200 allowed the circuit judge for expenses by the amendment to Section 10991, Revised Statutes 1919 (Laws 1921, p. 599), is not to be deducted from his compensation as jury commissioner, for it is not an allowance for services of any kind, but he is entitled to a compensation of $2500 for his services as jury commissioner rendered by virtue of the fact that being circuit judge he is also such commissioner.

**2. PROBATE JUDGE: Salary: Act of 1921.** The amount of fees the Probate Judge of Jasper County is now entitled to receive is $4500, plus reasonable and necessary expense for clerk hire, and plus ten per cent of the excess above the aggregate of those amounts. The words "from all sources" found in the Act of 1921, Laws 1921, page 599, declaring that "whenever, after deducting all reasonable and necessary expenses for clerk hire, the amount of fees collected in any one calendar year by or for the probate judge in any county shall exceed a sum equal to the annual compensation in the aggregate from all sources and for all duties by virtue of the office, except $1200 allowed for expenses when holding court in other counties, provided by law for a judge of the circuit court having jurisdiction in such county, then it shall be the duty of such probate judge to pay such excess less ten per cent thereof into the treasury of the county," require that not only the salary received by the judges of the circuit court of Jasper County be taken into consideration, but also the fact that they receive a compensation of $2500 a year as jury commissioners, and $4500 (and not $2,000) is the basis of calculation in determining what amount, after deduct-

ing reasonable and necessary expenses for clerk hire, the probate judge is required to pay into the county treasury.

Corpus Juris-Cyc., References: **By,** 9 C. J., p. 1111, n. 12.  **Judges,** 33 C. J., Section 72, p. 957, n. 9.  **Juries,** 35 C. J., Section 211, p. 261, n. 7.

Appeal from Jasper Circuit Court.—*Hon. Grant Emerson,* Judge.

REVERSED.

*C. C. Spencer* and *A. E. Spencer* for plaintiff.

(1)  Prior to the Act of 1921 the statute regulating the compensation of probate judges was Sec. 10991, R. S. 1919.  This provided that whenever, after deducting all reasonable and necessary expenses for clerk hire, the fees collected in any calendar year by or for the probate judge should exceed "a sum equal to the annual compensation provided by law for a judge of the circuit court having jurisdiction in such county" then the probate judge shall pay the excess, less ten per cent thereof, into the county treasury for the benefit of the county school fund.  This statute did not include, as a part of the annual compensation provided by law for a judge of the circuit court, the latter's compensation as a jury commissioner under the Act of 1911 (Laws 1911, p. 304).  State ex rel. v. Imel, 280 Mo. 554, 219 S. W. 634; State ex rel. v. Imel, 280 Mo. 565.  And, along the same line, the allowance to a circuit judge of $1200 per annum for expenses (Section 10981) is not compensation, and is not to be considered a part of his salary, and the probate judge is not entitled to consider such allowance in fixing the amount he may retain for his compensation.  Macon County v. Williams, 284 Mo. 447, 224 S. W. 835.  (2) The Act of 1921 (Laws 1921, p. 599) amended Section 10991, first, by adding a provision relating to fees in connection with the collection of inheritance taxes; and, second, by changing the wording of Section 10991 referring to the amount to be retained by the probate judge, and making it read that when the fees collected in any calendar year, after deducting all reasonable and necessary expenses for clerk hire, "shall exceed a sum equal to the annual compensation in the aggregate from all sources and for all duties by virtue of the office, except $1200 allowed for expenses when holding court in other counties, provided by law for a judge of the circuit court having jurisdiction in such county, then the probate judge shall pay such excess, less ten per cent thereof" to the county treasurer.  (a)  This is a statute relating to official salaries and must be strictly construed against the officer.  Greene County v. Lydy, 263 Mo. 100.  (b)  The amendment interpolates the words "in the aggregate from all sources and for all duties by virtue of the office, except $1200 al-

lowed for expenses when holding court in other counties." But the basis of the amount the probate judge may retain remains unchanged; no words are eliminated; and the statute still provides that the probate judge may retain from his collections a sum equal to the annual compensation provided by law for a judge of the circuit court, etc., plus ten per cent of the excess only. Where an officer is required by law to perform the duties of another position not incompatible with the first, he is entitled to the compensation attached to each in the absence of any law to the contrary. State ex rel. v. Hackman, 300 Mo. 59, 254 S. W. 53. (c) This is applicable to the circuit judges, and accordingly they are entitled to accept compensation for the services as jury commissioners, in addition to their compensation as circuit judges. They receive the former under Sec. 6640, R. S. 1919, which provides, as to Jasper County that the judges of the circuit court shall constitute a jury commission board, and provides that "each member of said board shall, as compensation for his services under this article, as jury commissioner solely, receive such salary as, added to the salary which is now or may hereafter be paid such member as judge, shall equal the sum of forty-five hundred dollars per annum" to be paid by the county. Defendants cannot properly take into account this compensation, paid to the man who holds the office of circuit judge for services as jury commissioner solely, in computing the amount to be retained by the probate judge for his services. State ex rel. v. Imel, 280 Mo. 554, 219 S. W. 634. (d) If the 1921 amendment to Section 10991 is not confined, basically, to the "annual compensation provided by law" for a circuit judge, then it is so ambiguous as to be meaningless.

*S. N. Wilson, Allen McReynolds* and *Howard Gray* for defendants.

(1) In the amendment to Section 10991, Laws 1921, page 599, two distinct things were provided for: First, the Legislature added to the fee schedule a new item to be charged by the judge to estates of two and one-half per cent on inheritance tax of such estates. This charge was not his compensation. Second, the Legislature in defining what should be the probate judge's compensation, added in the seventieth line of the statute and after the word compensation therein the following words: "in the aggregate from all sources and for all duties by virtue of the office, except $1200 allowed for expenses when holding circuit court in other counties." Therefore it is evident the intention of the Legislature in making this amendment, was, first, to add to the fees a new fee of two and one-half per cent of inheritance taxes, and second, in order that the probate judge could get extra pay from the fees in bulk collected by him the law as amended allowed probate judge an increase in his compensation, such

increase being designated by foregoing words in quotations which were placed into the new law. Hence it follows, that if a Circuit Judge of Jasper County was entitled to a salary of $2,000 under Section 10977 as a judge; also an additional salary of $2500 as compensation for his services as a jury commissioner under Section 6640, aggregating $4500 salary or compensation, then the defendant is also entitled to retain out of the fees collected each year, if sufficient, a compensation of $4500 after payment of his clerk hire each year. (2) The meaning of the words, "in the aggregate from all sources and for all duties of the office," used in the amendment of Section 10991 by Laws 1921, page 599, is in dispute in this case. (a) State ex rel. Buchanan County v. Imel, 242 Mo. 293 (affirmed by State ex rel. Buchanan County v. Imel, 280 Mo. 565 and Green County v. Lydy, 263 Mo. 77), holds it is constitutional to fix compensation of a probate judge at a sum equal to the compensation of a circuit judge as is done by said Section 10991. (b) It is only when the phraseology of an act is ambiguous that resort may be had to the intention of the Legislature to aid in its construction. State ex rel. Atty. Gen. v. Gammon, 73 Mo. 421. The great fundamental rule in construction of statutes is to ascertain and give effect to the intent of the Legislature. If the meaning of the language is plain it must be given effect by the court. Lincoln University v. Hackmann, 295 Mo. 125; Forgrave v. Buchanan County, 282 Mo. 604; Wagner v. St. Louis, 284 Mo. 417. Nothing is ambiguous in the words quoted above. Said words are ordinary, simple English words and are plainly stated, with no hidden meaning or indirect reference.

GANTT, J.—This is a suit on the official bond of the defendant Frank L. Gass, Probate Judge of Jasper County. The other defendants are sureties on the bond. The petition is in two counts, and the cause was tried before the court without a jury. The court made a finding in favor of the plaintiff on the first count for $1203.23, and on the second count for $401.73, making a total of $1604.96. Thereupon, judgment was rendered in favor of the plaintiff and against the defendants for $4500, the penalty of the bond sued on, together with costs of suit, and that plaintiff have execution for $1604.96 and for costs. Plaintiff and defendants filed motions for a new trial, which motions were overruled, and both plaintiff and defendants appealed. The parties will be referred to as plaintiff and defendants.

The first count is an action for excess fees collected by defendant Gass during the year 1923 above the amount he is allowed by law to retain as his salary. The second count is an action for excess fees collected by said defendant during the year 1924 above the amount he is allowed by law to retain as his salary. In addition, this count

seeks a recovery for an unreasonable and unnecessary amount deducted by said defendant from said fees for clerk hire during said year.

The answer to both counts admits the election of defendant Gass to the office of Probate Judge of Jasper County; that he qualified and performed the duties thereof; that the bond was executed; that defendant Gass made up his report of the fees collected and filed same with the circuit clerk—all as alleged in the petition—and defendants deny every other allegation of the petition.

The trial court found the probate judge was entitled to retain out of the fees collected by him during the year as much as $3300, plus reasonable and necessary expenses for clerk hire and plus ten per cent of the excess fees over said amounts. To understand this conclusion it will be necessary to consider the following sections of the statute:

First, the pertinent part of Section 6640, Revised Statutes 1919, which is as follows: "Each member of said board shall, as compensation for his services under this article, as jury commissioner solely, receive such salary as, added to the salary which is now or may hereafter be paid such member as judge, shall equal the sum of forty-five hundred dollars per annum."

Second, the Act of the General Assembly, approved March 25, 1901 (Laws 1901, p. 120), divided the Circuit Court of Jasper County into two divisions, and provided for two judges of said court. The salary of said judges was fixed at $3200 per annum, $2,000 of which was paid by the State, and $1200 of which was paid by the county.

Third, the amendment to Section 10981, Revised Statutes 1919 (Laws 1921, p. 604), provided that the $1200 paid by the county should be paid by the State and designated said sum as an allowance for expenses.

The trial court in determining how much compensation the circuit judges received added to the $2,000 paid by the State the $1200 allowed for expenses, making a total of $3200, which deducted from the $4500 referred to in Section 6640 fixed the compensation of the jury commissioner at $1300. The exception of the $1200 allowed for expenses in the amendment to Section 10991, Revised Statutes 1919 (Laws 1921, p. 599), does not apply to the Probate Judge of Jasper County, for it is an allowance to the circuit judges for expenses when holding court in counties other than in the county in which the judge resides. The circuit judges of said county do not hold court in other counties. However, the $1200 allowed for expenses is not an allowance for services of any kind. On the first of October, 1920, we held in the case of Macon County v. Williams, 284 Mo. 447, 224 S. W. 835, that said allowance was not compensation and was not to be considered in fixing the salary of a probate judge. The trial court was in error in holding the $1200 to be a part of the salary

of the circuit judges. To determine the compensation of a jury commissioner, the court should have added $2500 to the $2,000 salary of the circuit judge, which total equals $4500, thereby fixing the salary of a jury commissioner at $2500.

Plaintiff contends the circuit judges of said county receive $2,000 compensation for their judicial services, and that is all the probate judge is entitled to retain out of the fees collected by him during the year, plus reasonable and necessary expenses for clerk hire and plus ten per cent of the excess fees above said amounts.

It is argued that "the service of a judge as a jury commissioner is not a duty by virtue of the office of circuit judge." The words "by virtue" as used mean "because of; through; in pursuance of." [Stroud's Judicial Dictionary; New Standard Dictionary; Webster's New International Dictionary.] The circuit judge is not appointed or elected to the position of jury commissioner. No commission as jury commissioner is issued to him. He takes no oath of office as jury commissioner, but performs this ministerial duty under his oath as circuit judge. To be jury commissioner one must be circuit judge. When the term of office of the circuit judge expires he ceases to be jury commissioner. We think "the service of a judge as jury commissioner is a duty by virtue of the office of circuit judge," and so rule.

It is next argued "that by the express language of the act they receive compensation for services as jury commissioner solely, which is the same as saying they do not receive such compensation as circuit judges." We agree to this contention, but this does not change or alter the fact that the compensation is by virtue of the office of circuit judge. Plaintiff emphasizes the words "as jury commissioner solely" in Section 6640, fixing the compensation of a circuit judge for such services. The Legislature by the use of said words intended to and did make it clear that the compensation was not for judicial services. The lawmakers intended the circuit judges then in office to receive pay for services as jury commissioner. They did not have in mind the probate judges.

Defendants contend the circuit judges of Jasper County receive for their services compensation as follows: Salary, paid by the State, $2,000 (Sec. 10977, R. S. 1919); compensation as jury commissioner, paid by the county, $2500 (Sec. 6640). Did the Legislature intend, by the amendment to Section 10991, to authorize the Probate Judge of Jasper County to consider the compensation paid to the circuit judges as jury commissioners in determining the amount of his compensation during the year? This is the only question for solution. The salary of the probate judge is fixed by reference to the annual compensation of the judge of the circuit court having jurisdiction in the same county. [Sec. 10991, R. S. 1919, as amended, Laws 1921,

p. 599.] · This section was amended in two particulars: First, an amendment was inserted relating to fees in connection with the collection of inheritance taxes; second, an amendment was inserted relating to the amount allowed to be retained by the probate judge as salary out of the fees collected during the year. The pertinent part of the statute as amended, with the words inserted by this amendment in italics, is as follows:

"Whenever, after deducting all reasonable and necessary expenses for clerk hire, the amount of fees collected in any one calendar year by or for any one probate judge in any county in this State, during his term of office, and irrespective of the date of accrual of such fees, shall exceed a sum equal to the annual compensation *in the aggregate from all sources and for all duties by virtue of ·the office, except $1200 allowed for expenses when holding court in other counties,* provided by law for a judge of the circuit court having jurisdiction in such county, then it shall be the duty of such probate judge to pay such excess less ten per cent thereof, within thirty days after the expiration of such year, into the treasury of the county in which such probate judge holds office, for the benefit of the school fund of such county."

The lawmakers of 1921 knew the Supreme Court had, on the 13th of March, 1920, in the case of State ex rel. Buchanan County v. Imel, 280 Mo. 554, 219 S. W. 634, limited the compensation of the Probate Judge of Buchanan County to the $2,000 allowed to circuit judges as compensation for judicial services. They also knew, that on the 1st of October, 1920, the Supreme Court, in the case of Macon County v. Williams, 284 Mo. 447, 224 S. W. 748, held the $1200 allowed to the circuit judges for expenses could not be considered by the Probate Judge of Macon County in determining the amount of his compensation during the year. They were not satisfied with the salary allowed probate judges, hence the amendment to said Section 10991. The circuit judges of Jasper County have only two sources of compensation: compensation for judicial services, and compensation for services as jury commissioner. The statute as amended provides that in determining the salary of the probate judges, the compensation of the circuit judges from all sources must be considered. If we follow the statute, we must hold that the words "from all sources" include the compensation of circuit judges as jury commissioners. It follows, and we hold, that from the taking effect of Section 10981, Revised Statutes 1919, as amended by the Laws of 1921, page 604, the compensation of ·the circuit judges of Jasper County and the amount allowed to them for expenses are as follows: Compensation for judicial services, $2,000; compensation for services as jury commissioner, $2500; for expenses, $1200 making a total of $5700 per annum. Of these items the Probate Judge of Jasper County was entitled to consider the $2,000 for judicial services and the $2500 for

services as jury commissioner in determining the amount he was entitled to retain out of the fees collected by him during the year for his salary.

By the pleadings it was admitted that the $1417.50 retained by defendant Gass in 1923 for clerk hire was reasonable and necessary, and that said sum was reasonable and necessary for clerk hire in 1924. He retained for clerk hire during 1924 $2405, an increase of $987.50 for clerk hire over 1923. On this issue the trial court found for the plaintiff on the second count in the sum of $401.73. We have held that the Probate Judge of Jasper County was entitled to retain out of his fees collected during the year the sum of $4500 for his own compensation. The trial court found he was entitled to retain out of said fees $3300 for his own compensation. The difference of $1200 absorbs the $401.73 found to be due the plaintiff on the second count as an excess charge for clerk hire for the year 1924.

The judgment should be reversed. It is so ordered. All concur.