JOHN W. WARD, JR., Plaintiff in Error, v. COUNTY OF ST. LOUIS, Defendant in Error.—No. 38359.—183 S. W. (2d) 68.

Division One, November 6, 1944.

*Joseph A. Falzone* and *J. Corder Delworth* for plaintiff in error.

530

*Erwin F. Vetter* for defendant in error.

GANTT, J.—Action by plaintiff Ward for a declaratory judgment construing certain sections of the statute. As a justice of the peace in Clayton Township, St. Louis County, he is paid a salary of $2000. [Sec. 2752, R. S. 1939.] He is required to pay to the county treasurer fees collected by him. However, he contends that he is not required to account for fees collected for solemnizing contracts of marriage. The trial court ruled that he was required to do so.

Plaintiff may solemnize contracts of marriage. [Sec. 3363, R. S. 1939.] He is not required to do so. If he does so, he is allowed $2.00 for the service (Sec. 13400, R. S. 1939), which fee is collected because he is a justice of the peace and by virtue of his office. [State ex rel. and to Use of Jasper County v. Gass et al., 317 Mo. 744. 296 S. W. 431, 432.] On appeal, plaintiff argues that the marriage service is not a court service and for that reason the statute does not require an accounting of fees collected for such service. The statute follows:

"Each justice of the peace shall, before entering upon the duties of his office, give bond to the state of Missouri, with two good and sufficient sureties, residents of the county, in the penal sum of two thousand dollars, conditional that he will account for and pay to the proper officer all the money received by him by virtue of his office; said bond to be approved by the county court, or the clerk in vacation,

and if taken by the clerk in vacation it shall be approved or rejected by the court at the next term." [Sec. 2753, R. S. 1939.]

"Each justice of the peace shall pay over all fees collected for his services to the treasurer of the county in which he is elected every thirty days, accompanied by a statement thereof sworn to by him, and all other costs collected by said justice of the peace shall be paid by him every thirty days, accompanied by like sworn statement, to the constable of his district, who shall be responsible for the same and pay over the same to the parties entitled thereto, as is now required by law in cases of costs collected by or paid to said constable." [Sec. 2755, R. S. 1939.]

It will be noted that Sec. 2753 requires the justice to give bond conditioned that he account for all money received by virtue of his office. He collects the marriage fees by virtue of his office. [State ex rel. and to Use of Jasper County v. Gass et al., supra.] Furthermore, under Sec. 2755 he must pay all costs due others to the constable and account to the county treasurer for all fees collected for his services. Plaintiff suggests that this section should be construed to require a justice to account only for fees collected for judicial or court services. There is no ambiguity, and we are without authority to amend the statute.

Plaintiff cites City of St. Louis v. Sommers, 148 Mo. 398, 50 S. W. 102, and Smith v. Pettis County, 345 Mo. 839, 136 S. W. 2d 282. In those cases the clerk of the court was required to collect the fees and account for the same. For that reason we ruled that the statute had reference only to fees collected for judicial or court services. In the performance of his duties, the clerk had nothing to do with the collection of fees for marriage services.

In this court plaintiff suggests a constitutional question. The record presents no such question for review. The judgment should be affirmed. It is so ordered. All concur.