The Honorable Joan Cash State Representative 1301 Thrush Road Jonesboro, Arkansas 72401-5268
Dear Representative Cash:
I am writing in response to your request for an opinion on the following:
 Can a Justice of the Peace (JP) legally charge a fee for performing a marriage ceremony? If so, may he or she charge any fee, and must the fee be remitted to the County?
 Finally, would any of this apply to former JP's who retain their right to marry under Ark. Code Ann. § 9-11-213?
RESPONSE
In my opinion the answer to your first question is "no." No state statute authorizes the charging of such a fee. A former statute authorized a three dollar fee for such service, but it was repealed in 1987. In addition, I am not aware of any county ordinances authorizing such fees. To the extent your question asks whether justices of the peace may legally charge and retain such fees as compensation, in my opinion Arkansas Constitution, Amendment 55, § 5 in all likelihood prohibits the General Assembly or a county from authorizing this action. I note, however, that your question involves whether a justice of the peace may legally charge a fee for such service. You have not inquired as to whether a justice of the peace may legally accept any payment or "donation" for such service. In my opinion, that question is properly addressed to the Arkansas Ethics Commission, which has *Page 2 
jurisdiction and authority to issue advisory opinions on statutes relevant to that issue. See A.C.A. § 7-6-217(g)(2) (Supp. 2007). An answer to your second question is unnecessary in light of my response to Question 1. An answer to your third question is also technically unnecessary but in my opinion, to the extent such fees are in fact charged by justices of the peace, state statutes require their remittance to the county treasury. The answer to your fourth question is unclear under current law. Legislative or judicial clarification is warranted on this point.
Question 1 — Can a Justice of the Peace (JP) legally charge a fee forperforming a marriage ceremony?
In my opinion the answer to this question is "no."
As a general matter, fees are collectible by public officers only to the extent they are authorized by law. See Logan County v. Trimm,57 Ark. 487, 22 S.W. 164 (1893); Cole v. White County, 32 Ark. 45 (1877);Standford v. Wheeler, Auditor, 28 Ark. 144 (1873) and Crittenden Countyv. Crump, 25 Ark. 235 (1868). See also generally, 67 C.J.S.Officers, § 278 ("Fees are collectible only when and to the extent authorized by law, and an officer demanding fees must point to a particular statute authorizing them").
My research has disclosed no state statute authorizing justices of the peace to charge fees for performing marriage ceremonies. (The possibility of a county ordinance authorizing such fees is discussed below.) Justices of the peace are of course authorized to solemnize marriages. See A.C.A. § 9-11-213 (Repl. 2008) (authorizing, among other officials, the Governor, judges of the courts of record, justices of the peace, certain former justices of the peace, mayors and regularly ordained ministers to solemnize marriages).[1] Former law apparently provided a three dollar fee to justices of the peace for such service.See former A.C.A. § 21-6-409(a)(15) (1987) (setting out fees for a number of actions by justices of the peace, including "for solemnizing each marriage"). This statute was originally derived from an 1875 law (Acts 1875, No. 77, § 32), which authorized a two dollar fee, but was later amended to authorize a $2.50 fee (Acts 1875, Adjourned session, No. 58, § 12), and was ultimately amended to authorize a three dollar fee. Acts 1947, No. 221, § 2. The provision authorizing the three dollar fee was on the books *Page 3 
until it was repealed by Act 445 of 1987. A history of the circumstances leading to the repeal in Act 445 of 1987 may be instructive in answering your questions.
A controversy apparently arose in late 1986 over the legality of such fees. See Peggy Harris, "JPs collecting marriage fees may inadvertently break law," (Arkansas Gazette, September 21, 1986, p. 1) (reporting that a spokesman for the Attorney General's office told the Gazette that it was illegal to collect more than the three dollar fee and that the fees collected must be deposited in the county general fund). See also, John Pagan (Guest Writer), "JP's fees are illegal, unseemly" (Arkansas Gazette, December 28, 1986, p. 3C); Editorial, "No more Marryin' Sams, please" (Arkansas Gazette, January 1, 1987 p. 22A); A bill was introduced in the 1987 regular session of the Arkansas General Assembly to address the situation and was originally entitled "An Act to Authorize Justices of the Peace to Charge Fees for Solemnizing Marriages; To Provide That Such Fees are Compensation For Services Performed and not County Revenues; and For Other Purposes." See House Bill 1052 of the 76th General Assembly. The amount of the fees chargeable was not specified in the bill. During the time when the bill was being considered, the Attorney General was asked to opine upon its constitutionality. The Attorney General issued his opinion on March 18, 1987, stating his conclusion that the bill "would in all likelihood be deemed unconstitutional upon judicial review." Op. Att'y Gen. 87-113. House Bill 1052 was, at some point during the bill's consideration, amended in the Senate to change its title and its substance to effect a simple repeal of Section 32 of Act 77 of 1875, the former statute setting out the fees chargeable by justices of the peace for a number of services, including for solemnizing marriages. See House Journal (April 20, 1987, page 5). On March 23, 1987, after the issuance of Op. Att'y Gen. 87-113, the House concurred in the Senate amendment and the repeal was signed into law. See Acts 1987, No. 445.
In my opinion, as stated above, there is no state statute that currently authorizes justices of the peace to charge fees for solemnizing marriages. Additionally, I am unaware of any local county ordinances purporting to authorize justices of the peace to legally charge fees for performing marriage ceremonies. In addition, if your question involves the charging and retention of such fees by justices of the peace as compensation, it is legally questionable, in my opinion, whether any statute or local county ordinance could constitutionally authorize this action. *Page 4 
This conclusion is prompted by the same constitutional issue raised in Op. Att'y Gen. 87-113, referred to above. That opinion discussed Amendment 55 to the Arkansas Constitution, specifically, § 5 thereof, which provides as follows:
 Compensation of each county officer shall be fixed by the Quorum Court within a minimum and maximum to be determined by law. Compensation may not be decreased during a current term; provided, however, during the interim, from the date of adoption of this Amendment until the first day of the next succeeding month following the date of approval of salaries by the Quorum Court, salaries of county officials shall be determined by law. Fees of the office shall not be the basis of compensation for officers or employees of county offices. Per diem compensation for members of the Quorum Court shall be fixed by law.
(Emphasis added).
The question addressed in Op. Att'y Gen. 87-113 was whether the prohibition against fee-based compensation italicized above applied to justices of the peace. The Attorney General concluded that they were "officers or employees of county offices" for purposes of this language in light of the fact that quorum court members acted for and represented the counties in adopting ordinances, fixing the number and compensation of county deputies, and in overriding the veto of the county judge. The Attorney General also relied upon contemporaneous statutory enactments implementing Amendment 55 as indicating the inclusion of justices of the peace in this prohibition. See Ark. Stat. Ann. 17-4202 (now A.C.A. § 14-14-1205(c) (prohibiting justices of the peace from receiving compensation as county employees or deputies, or from receiving compensation from funds appropriated by the quorum court other than as provided for in the applicable subchapter).
Although the matter has not been resolved by any controlling court decision, I agree with Op. Att'y Gen. 87-113 that in all likelihood, fees of the office may not be the basis of compensation for justices of the peace. Justices of the peace were formerly elected by townships. Arkansas Constitution, art. 7, § 38. They are now elected by single-member quorum court districts so that each may be elected by an equal number of voters (see Amendment 55, § 2(a)), presumably to comply with federal "one-man, one-vote" requirements. Cf. Goodall v.Adams, 277 Ark. 261, 640 S.W.2d 803 (1982). Strictly speaking, they are elected from such districts and *Page 5 
are now sometimes referred to as "quorum court district" officers. Op. Att'y Gen. 99-009. In my opinion, however, as concluded in Op. Att'y Gen. 87-113, in their capacity as quorum court members, justices of the peace act for and on behalf of the county. They are thus in all likelihood "officers or employees of county offices" for purposes of the fee-based compensation prohibition in Amendment 55. (Emphasis added.)See also, A.C.A. § 21-6-301(Repl. 2004) ("fees of the office shall not be the basis of compensation for officers or employees of county offices" and "[a]ll compensation, including salary, hourly compensation, expense allowances, and other remunerations allowed to any county officer or employee shall be made only on specific appropriation by the quorum court"). Justices of the peace are unquestionably "officers" covered and addressed by the various provisions of Amendment 55 and its enabling legislation. Additionally, although the italicized language of Amendment 55, § 5 above does not expressly mention justices of the peace, and I have found no controlling case law on this point, there is some indication that the drafters of Amendment 55 intended to include these officials within the "fee-based" compensation prohibition. It has been stated that "in construing legislation and Constitutional provisions, it is the duty of the courts to ascertain and give effect to the intent of the framers and to the people who adopted it, even though the true intention, though obvious, has not been expressed by the language employed when given its literal meaning." Berry v. Gordon,237 Ark. 547, 376 S.W.2d 279 (1964). In this regard, in Comment, CountyGovernment Reorganization in Arkansas, 28 Ark. L. Rev 226 (1974-75), a member of the committee appointed by Governor-elect Dale Bumpers to draft Amendment 55 stated that this "fee-based" restriction of Amendment 55, § 5 was "pulled directly from the [proposed but defeated] Constitution of 1970 and would simply provide that all officials be subject to the salary provisions of section 5" and that "[i]t would negate existing statutory authority for the payment of various officials' salaries from fees collected by the office," citing former Ark. Stat. Ann. § 12-1701 et seq., of which Act 77 of 1875, § 32 (former Ark. Stat. Ann. § 12-1731) (setting fees for justices of the peace), was a part. The author of the Arkansas Law Review Comment was also a delegate to the Seventh Arkansas Constitutional Convention. Comment,supra at n. 83.[2] *Page 6 
As a consequence, in my opinion no statute currently authorizes a justice of the peace to "legally charge a fee for performing a marriage ceremony," or could constitutionally authorize such a fee if it is to be retained as compensation by the justice of the peace. See also, e.g.,State ex rel. Reardon v. Hooker, 26 Okla. 460, 109 P. 527 (1910) (where county judge was allowed a defined salary and was required to pay into the county treasury all fees collected by him by virtue of his office, he was not authorized by statute to charge fees for performing marriage ceremonies); and Douglas County v. Vinsonhaler, 82 Neb. 810,118 N.W. 1058 (1908) (county judge cannot charge a fee for performing marriage ceremonies where the action was discretionary and state statutes did not allow it).
I have also considered whether a county ordinance might authorize such action. To the extent the fee would serve as compensation or as a basis of compensation for justices of the peace, the same fee-based compensation prohibition in Amendment 55, § 5 would prohibit counties from authorizing this action. See Amendment 55, § 1 ("A county acting through its Quorum Court may exercise local legislative authoritynot denied by the Constitution or by law") (emphasis added).
In addition, to the extent, again, that your question contemplates the charging and retention of such fees by justices of the peace, in my opinion any such county ordinance would also violate applicable state statutes. See A.C.A. § 21-6-301(b) (Repl. 2004) and 14-14-1203(a) (Repl. 1998) ("All compensation, including salary, hourly compensation, expense allowances, and other remunerations, allowed to any county or township officer, or employee thereof, shall be made only on specific appropriation by the quorum court of the county"); § 14-14-1203(b) ("All compensation, including salary, hourly compensation, expense allowances, and other remuneration, allowed to any county or township officer, or employee thereof, shall be made only upon claim or voucher presented to the county judge and approved by him in the manner prescribed by law for disbursement of county funds); and § 14-14-1203(e) ("No elected county or *Page 7 
township officer, or employee thereof, shall individually maintain or operate an account for financing self-supporting activities which render services on a user charge basis to the general public"). In my opinion the salary and remunerations of justices of the peace are in all likelihood covered by these statutory provisions.
In analyzing the question above with regard to a potential county ordinance in this regard, I have also considered whether the provisions of A.C.A. § 14-14-1205(b) might constitutionally authorize a local county ordinance authorizing the charging of such a fee. That subsection states in pertinent part that "The compensation of all justices of the peace serving in a judicial capacity shall be fixed by ordinance of the quorum court in each county."[3] This subsection authorizes "compensation," for judicial duties performed by justices of the peace and indicates that under Amendment 55, such officers could receive compensation for judicial duties in addition to their per diem for attending quorum court meetings. With regard to your question, however, this statutory subsection does not authorize the retention of "fees" as a basis for such judicial compensation. Cf. also Massongill v, County ofScott, 329 Ark. 98, 947 S.W.2d 749 (1997) (striking down county ordinance authorizing county payment for health insurance benefits for quorum court members, where ordinance stated that they were adopted as compensation for "judicial duties" such as performing marriage ceremonies, because the ordinance "and ones like it run contrary to Arkansas's applicable constitutional and statutory laws that specify and restrict the compensation and expenses that quorum court members and other county officials are entitled to receive").
In any event, it appears that Amendment 80 to the Arkansas Constitution, which revised the judicial branch of state government, has eliminated the judicial powers of justices of the peace, thus obviating the need to compensate justices of the peace for such duties.See Arkansas Constitution, Amendment 80, § 19(2) (transferring the jurisdiction of justice of the peace courts to district courts), and § 22 (repealing the pertinent provisions in former article 7 of the Arkansas Constitution in this regard). Moreover, although justices of the peace are unquestionably still authorized to perform marriage ceremonies, I cannot conclude, given the list of officials statutorily authorized to solemnize marriages (including the Governor, mayors, ministers and "any official appointed for that purpose by the quorum court . . ."), that solemnizing marriages is a "judicial duty" of justices of the peace. See Green v. Guliani, 187 Misc.2d 138,721 N.Y.S. 2d *Page 8 
461 (N.Y.Sup. 2000) (noting that solemnization of marriage is close to but falls within the line of demarcation between legislative and administrative functions on the one hand, and judicial functions on the other); Smith v. Pettis County, 345 Mo. 839, 136 S.W.2d 282 (1940) (citing City of St. Louis v. Sommers, 148 Mo. 398, 50 S.W. 102 for the proposition that solemnization of a marriage is in no sense a judicial act); Matthes v. Matthes, 198 Ill. App. 515 (1916) (justices of the peace "are authorized to perform marriage ceremonies not by reason of the judicial powers incident to their office but merely as persons holding certain positions"); State v. Taylor, 54 Wash. 150, 102 P. 1029
(1909) (noting various power conferred upon judges that are in no sense judicial, such as solemnizing marriages); Bank of Woodland v.Oberhaus, 125 Cal. 320, 57 P. 1070 (1899) (citing People v. Bush,40 Cal. 344 for the proposition that judicial officers may perform certain ministerial duties, including solemnizing marriages, that are not judicial functions); City of Terre Haute v. Evansville T.H.R.Co., 149 Ind. 174, 46 N.E. 77 (1897) (same); Tenn. Op. Att'y Gen. 97-011
("The celebration or solemnization of a marriage is not judicial in character" and "[a] marriage ceremony is not a normal judicial function and marriages have historically been performed by non-judicial officials"); and Cf. Ky. Op. Att'y Gen. 78-57 ("performing a marriage is not a judicial act").
In my opinion, therefore, the answer to your first question is "no," state law does not currently authorize a justice of the peace to legally charge a fee for performing a marriage ceremony. In addition, I am not aware of any county ordinances authorizing this action. To the extent any such fee would serve as a basis of compensation for justices of the peace, the authority of the General Assembly and counties to pass laws and local ordinances in this regard is circumscribed by Amendment 55.See Op. Att'y Gen. 87-113 and A.C.A. § 14-14-1205.[4] I note, however, that your question involves whether a justice of the peace may legallycharge a fee for such service. You have not inquired as to whether a justice of the peace may legally accept any payment or "donation" for such service. In my opinion, that question is properly addressed to the Arkansas Ethics Commission, which has jurisdiction and authority to issue advisory opinions on statutes relevant to that issue. See A.C.A. § 7-6-217(g)(2) (Supp. 2007). *Page 9 
Questions 2 and 3 — If so, may he or she charge any fee, and must thefee beremitted to the County?
It is unnecessary to address your second question in light of my response to Question 1. An answer to your third question is also technically unnecessary, but to the extent such fees are in fact charged by justices of the peace, in my opinion state statutes require their remittance to the county treasury. See A.C.A. § 21-6-310 (Repl. 2004) ("All fees, fines, penalties, and other moneys collected by any county officer, deputy, or county employee shall be deposited with the county treasurer on the first day of each month or within five (5) days thereafter, and, unless otherwise provided by law, shall be placed in the county general fund"); and A.C.A. § 14-14-1313 (Repl. 1998) ("All public funds coming into the possession of any officer of the county shall be remitted to the county treasury in a manner prescribed by law"). As with Amendment 55 above, in my opinion the language of these provisions in all likelihood applies to justices of the peace.
Some question may arise, however, as to whether such fees are "public funds" or are collected in a justice of the peace's public capacity and if not, whether such fees must be deposited in the county treasury. Although there are no cases from Arkansas addressing this issue, cases from other jurisdictions have addressed the question under their particular state statutes. See, e.g., Ward v. St. Louis County,353 Mo. 529, 183 S.W.2d 68 (1944) (where justice of the peace was authorized, but not required to perform wedding ceremonies and was authorized to charge $2 for such service, he collects such fees by virtue of his office, and under his bond must account to the county for such fees,distinguishing City of St. Louis v. Sommers, 148 Mo. 398, 50 S.W. 102
(1899); and Smith v. Pettis County, 345 Mo. 839, 136 S.W.2d 282 (1940), because those decisions were based on a statute allowing the clerk to collect fees for judicial or court services); San Diego County v.Bryan, 18 Cal. App. 460, 123 P. 347 (1912) (where statute allowed justice of the peace an express salary as full compensation for both civil and criminal cases, the statute encompassed all actions performed in an official capacity and he was not allowed to retain fees for solemnizing marriages). But see Richardson v. Morrison,101 Cal. App. 418, 281 P. 726 (1929) (even assuming $3 fee collected by justice of the peace for solemnizing marriages was illegal, mandamus would not lie to compel him to turn the money over to the county treasury, because "if the justice of the peace had no right to collect them, neither can the county demand them from him"); and Bell v. Martin, 64 Or. 519,130 P. 1126 (1913) (same). *Page 10 
In my opinion, the Arkansas Supreme Court, if faced with the question, would agree with the court in San Diego County v. Bryan, supra that: "We are not of opinion that a proper construction of the county government act confers upon a justice of the peace . . . the right to retain as his own any fees received by him in his official capacity." Id. at 348. Arkansas statutes also appear to require transmittal of all fees collected to the county treasury, whether collected lawfully or unlawfully. See again, A.C.A. § 21-6-310 ("[a]ll fees, fines, penalties, and other moneys collected . . . shall be deposited with the county treasurer. . . ."
Question 4 — Finally, would any of this apply to former JP's whoretain their right to marry under Ark. Code Ann. § 9-11-213?
In my opinion the answer to this question is unclear under current law. I have found no statute or case law addressing the issue. Because former justices of the peace are no longer public officers, the common law principle discussed above (that fees may not be charged by public officers without statutory authorization), would not appear to apply. Similarly, the applicable constitutional and statutory restrictions on the compensation of such officers would be inapplicable, as would the ethical proscriptions generally applicable to public servants. I can thus find no basis for concluding that such action is unlawful. Because the power to solemnize marriages is granted by statute, however, and the former justice of the peace derives this power from his or her former elected service, legislative or judicial clarification is warranted on this point.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Former justices of the peace may solemnize marriages if they have served at least two (2) terms since the passage of Arkansas Constitution, Amendment 55. A.C.A. § 9-11-213(a)(4) (Repl. 2008).
[2] See also, Proposed Constitution of 1970 With Comments, A Report to the People of The State of Arkansas by the Seventh Arkansas Constitutional Convention (published pursuant to Act 64 of 1969). The relevant paragraph and the provision in question were structured and worded slightly differently in the proposed constitution. Article 6, § 7 of that document provided:
 The compensation of each county officer shall be fixed by the County Council within a minimum and maximum to be determined by law by county classification and may not be decreased during his current term. No increase shall be effective until January 1 following the date the increase is adopted. Per diem compensation of members of the County Council shall be fixed by law according to county classification. Fees shall not be the basis of compensation for any officer or employee of any county office.
The "County Council" was the name given to the county legislative body under the proposed Constitution. The commentary under this section indicates that "County Council members may receive per diem compensation only. . . . Fees are abolished as compensation for county officials and employees."
[3] The subsection also states that "This basis of compensation shall not be computed on a percentage of the dollar amount of fines levied by a justice of the peace."
[4] To the extent any such fee would not provide a basis of compensation for justices of the peace, the General Assembly is not constrained by the provisions of Amendment 55 from authorizing such a fee. Even where such a fee would not be the basis of compensation for justices of the peace, however, counties may be constrained from adopting such fee without express statutory authorization. See, e.g.,Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980) (county may not levy additional court filing fees where intent was that such fees be uniform throughout the state).