[S. F. No. 5319. In Bank.—December 23, 1909.]

WILLIAM H. LANGDON, as District Attorney of the City and County of San Francisco, Petitioner, v. JOHN A. KOSTER, as Auditor of the City and County of San Francisco, Respondent.

MUNICIPAL CORPORATION—EXPENSES OF DISTRICT ATTORNEY—EMPLOYMENT OF SPECIAL AGENTS.—Expenses incurred by the district attorney of the city and county of San Francisco, in the employment of special detective agents, which are approved by the board of supervisors, are authorized by section 4307 of the Political Code, which makes a county charge of "all other expenses necessarily incurred by him in the detection of crime and the prosecution of criminal cases."

ID.—NECESSITY OF EXPENDITURE—AUTHORIZATION BY SUPERVISORS.—The board of supervisors in authorizing the expenditure were the judges of the necessity, and only in a plain case of an abuse of their powers would their judgment be subject to reversal.

APPLICATION for a Writ of Mandate directed to the Auditor of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Wm. Hoff Cook, for Petitioner.

Francis V. Keesling, and Campbell, Metson, Drew, Oatman & Mackenzie, *Amici Curiæ*, for Respondent.

HENSHAW, J.—This is a mandate to compel the auditor of the city and county of San Francisco to audit the demand of the petitioner for expenses incurred by him. The expenses are for the payment of the services of William J. Burns as "special agent" at the rate of six hundred and twenty-five dollars a month, and of certain enumerated "assistant special agents" at the rate of one hundred and fifty dollars a month, the total aggregating for the month of April, 1909, the sum of twenty-six hundred and fifty dollars. These demands were presented to the auditor by the individual claimants, and upon his rejection of them in the form presented, demand was made by the district attorney in his own name, with an enumeration of the items charged.

In July, 1908, the district attorney addressed a communication to the mayor, seeking an appropriation of seventy thousand dollars for the expenses of his office. The communication was by the mayor sent to the board of supervisors, with the recommendation that the request of the district attorney be granted. In compliance with this request the board duly passed an ordinance August 3, 1908, which was approved by the mayor, known as ordinance 525, authorizing the district attorney and empowering him to appoint additional employees and fixing their monthly compensation. The appointments were made by the district attorney, and the demands of the employees were for several months presented pursuant to the ordinance and provisions of the charter, and approved by the auditor and paid. Thereafter the auditor refused to audit these monthly demands and, to meet his objections to the manner of their presentation, the form of demand was changed, the demand being presented in the new form by the verified application of the district attorney himself. This demand also the auditor refused to recognize. The authority for the passage of the ordinance is found in section 35 of article 16 of the charter of the city and county of San Francisco. Much argument is had to the effect that this provision of the charter is void. The view which we take of the matter, however, renders unnecessary any consideration of the question, for clearly, we think the expenses come within those authorized by section 4307 of the Political Code. That section makes a county charge "all other expenses necessarily incurred by him [district attorney] in the detection of crime

and the prosecution of criminal cases." In *Humiston* v. *Shaffer*, 145 Cal. 197, [78 Pac. 651], the expenses occasioned by the employment of detectives are recognized as one of the class contemplated by section 4307. Against this it is argued that the expenditure cannot be said to be necessary within the meaning of the statute, since the district attorney has at his call the police force of the city and county of San Francisco and the detective department thereof. But to this it must be answered that the board of supervisors in authorizing the expenditure were the judges of the necessity, and that only in a plain case of an abuse of their powers would their judgment be subject to reversal.

Let mandate issue as prayed for.

Sloss, J., Shaw, J., Angellotti, J., Lorigan, J., and Melvin, J., concurred.