[Civ. No. 1916.   Second Appellate District.—December 22, 1917.]

## COUNTY OF SANTA BARBARA, Respondent, v. GEORGE F. RUCKER et al., Appellants.

[Civ. No. 1915.   Second Appellate District.—December 22, 1917.]

## COUNTY OF SANTA BARBARA, Respondent, v. HOWE S. DEADERICK et al., Appellants.

[Civ. No. 1951.   Second Appellate District.—December 22, 1917.]

## COUNTY OF SANTA BARBARA, Respondent, v. ALBERT W. CONOVER et al., Appellants.

[Civ. No. 1952.   Second Appellate District.—December 22, 1917.]

## COUNTY OF SANTA BARBARA, Respondent, v. HAROLD J. DOULTON et al., Appellants.

Public Officers—Services of Supervisors as Road Commissioners— Code Amendment Inapplicable to Incumbents—Constitutional

Law.—The amendment of April 27, 1911, to subdivision 15 of section 4246 of the Political Code, allowing supervisors of counties of the seventeenth class as road commissioners four dollars per day for not exceeding eighteen days in any one month, is not operative as to supervisors in office at the time of the adoption of the amendment, since the "compensation" of the road commissioner as provided for in such section, both before and after the amendment, is "compensation" within the meaning of that word as used in section 9 of article XI of the constitution, providing that the compensation of any county officer shall not be increased after his election or during his term of office.

Id.—Reimbursement of Road Commissioner for Traveling Expenses —Increase of Compensation During Incumbency.—A statute newly providing for reimbursement of traveling expenses as road commissioner in addition to compensation previously allowed for services is an increase of compensation during term of office.

Id.—Recovery of Moneys Illegally Collected—Joinder of Sureties on Bond.—The official bond of a supervisor and road commissioner given for the faithful performance by him of all the official duties required by law is broad enough to include his liability to the county for collecting compensation in excess of that to which he is legally entitled, so that the sureties on the bond may be joined with him as parties defendant.

APPEALS from judgments of the Superior Court of Santa Barbara County.   Samuel E. Crow, Judge.

The facts are stated in the opinion of the court.

H. P. Starbuck, and Canfield & Starbuck, for Appellants.

U. S. Webb, Attorney-General, E. W. Squier, District Attorney, Fred H. Schauer, Deputy District Attorney, and G. H. Gould, for Respondents.

CONREY, P. J.—The appeals in these cases are from the several judgments entered therein.   The parties have stipulated that all of them may be heard together upon the same briefs and arguments; the questions presented for consideration here being identical in all of the cases.   In accordance with the suggestion of counsel, our references to matters of record will be confined to No. 1916, *County of Santa Barbara* v. *Rucker et al.*

Appellant Rucker was elected to the office of supervisor of Santa Barbara County, for the fourth district thereof, at

the general election of November, 1908, for the term of four years beginning with the first Monday of January, 1909. At that time section 4246 of the Political Code provided as follows: "In counties of the seventeenth class the county officers shall receive as compensation for the services required of them by law or by virtue of their offices, the following salaries, to wit: . . . 15. Each supervisor, six hundred dollars per annum, and twenty cents per mile for traveling from his residence to the county seat; and a road commissioner, four dollars per day, not to exceed two hundred dollars per annum in the aggregate." (Stats. 1907, p. 47.) By an amendment approved April 27, 1911, said section 4246 was amended so that subdivision 15 read as follows: "Each supervisor, six hundred dollars per annum and twenty cents per mile for traveling from his residence to the county seat; and as road commissioner, four dollars per day for not to exceed eighteen days in any one month; *provided,* that said supervisors shall receive no mileage when acting as road commissioner, but shall receive his actual traveling expenses while acting as such road commissioner, not to exceed the sum of two hundred dollars in any one year." (Stats. 1911, p. 1148.) The constitution of California, at article XI, section 9 thereof, as adopted in 1879 and still in force, provides that "the compensation of any county, city, town, or municipal officer shall not be increased after his election or during his term of office; . . . "

After April 27, 1911, appellant Rucker, assuming that he was entitled to collect for his services as road commissioner in accordance with the terms of the act of 1911, made demands upon the county, which were approved and paid to him, for sums in excess of the amount which he could have collected under the statute as it was at the beginning of his term of office. This action was prosecuted to recover the amount of such excess payments, together with twenty per cent damages, as provided by section 4005b of the Political Code, a part of which reads as follows: "Whenever any board of supervisors shall, without authority of law, order any money paid as a salary, fees, or for any other purposes, and such money shall have been actually paid; or whenever any county officer. has drawn any warrant or warrants in his own favor, or in favor of any other person, without being authorized by the

board of supervisors, or by the law, and the same shall have been paid, the district attorney of such county is hereby empowered, and it is hereby made his imperative duty, to institute suit, in the name of the county, against such person or persons, to recover the money so paid, and twenty per cent damages for the use thereof; . . . ''

Appellants contend that the word ''compensation'' in section 9 of article XI of the constitution refers only to the principal sum allowed to the officer as his salary, and does not include such compensation as that described in said section 4246, whereby the supervisor is allowed a limited per diem as road commissioner, or such as that other provision of the same section as last amended whereby the supervisor is allowed also to receive, within a stated limit, the amount of his actual traveling expenses while acting as such road commissioner.

The duties performed by a county supervisor as road commissioner are duties imposed upon him by virtue of his status as supervisor, but his official position and functions as road commissioner are separately classified and described by the statute. ''Each supervisor shall be *ex officio* road commissioner in his supervisor district.'' (Pol. Code, sec. 2641.) The law awarded to defendant Rucker, at the commencement of his term, a limited compensation ''as road commissioner'' as the specified rate per day, not exceeding two hundred dollars in any one year and not including any reimbursement for traveling expenses. By the amendment enacted in 1911 the possible compensation of a road commissioner in that county was raised from the sum of two hundred dollars to the sum of $864, plus traveling expenses. The salary allowance to the supervisor for his general services as a supervisor is completely separate and distinct from the prescribed compensation allowed to him as road commissioner. It seems very clear, therefore, that the ''compensation'' of the road commissioner as provided for in section 4246, both before and after the amendment, is compensation within the meaning of that word as used in section 9 of article XI of the constitution, under any possible construction of that section; for as road commissioner he receives no fixed salary. It follows that the operation of the said amendment increasing the compensation of road commissioner, for the fourth district in

Santa Barbara County, was suspended until Rucker's term expired.

The defendant Rucker was not entitled to reimbursement of traveling expenses any more than to increase of his aggregate per diem allowance. It has been decided that a supervisor of a county may not as road commissioner have reimbursement for traveling expenses, when at the time there was no statutory provision for such reimbursement. The reason given was that under section 215 of the County Government Act—corresponding to section 4290 of the Political Code, as enacted later—the salaries and fees provided for should be in full compensation for all services rendered the county as such officer or *ex-officio* officer. The court declared that "this language is in absolute repugnancy and hostility to the idea that where the compensation for all services is fixed by statute, personal and traveling expenses may as well be allowed." (*County of Placer* v. *Freeman,* 149 Cal. 738, [87 Pac. 628].) It would be inconsistent with that decision to say that a statute newly providing for reimbursement of expenses, in addition to compensation previously allowed for his services, is not an increase of the officer's compensation.

We think that the terms of the official bond of defendant Rucker are broad enough to include the facts constituting the basis of Rucker's liability in this action, and that the sureties on the bond are subject to be sued with him in order to obtain recovery of the moneys illegally collected by him under his wrongful demands for compensation in excess of that to which he was legally entitled. It is true that Rucker did not as supervisor vote on the allowance of those demands and that the acts of other officers in auditing and paying his claims were official acts which as to those particulars were not performed by him. But the bond was given for the faithful performance by Rucker of all of the official duties required of him by law. When Rucker presented those demands, obtained his warrant, and collected the money he connived at and participated in a proceeding which as an entirety constituted the illegal withdrawal by him of money from the county treasury; all of which was done by reason of his office and contrary to his official obligation.

It being conceded that the questions presented in the Rucker case are in legal effect identical with those pertaining to the other above-entitled cases, it is hereby ordered that in

each of said four cases the judgment be, and it is hereby, affirmed.

Works, J., *pro tem.*, and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1918.