[L. A. No. 4580. Department Two.—February 17, 1919.]

## COUNTY OF SANTA BARBARA, Respondent, v. F. C. TWITCHELL et al., Appellants.

PUBLIC OFFICERS—COMPENSATION.—In an action by a county to recover money illegally paid by plaintiff to a defendant, who was a supervisor and *ex-officio* road commissioner of the county, it makes no difference whether, as road commissioner, defendant is in a strict sense a county officer or not, because salaries and fees paid in full compensation for the work of county officers apply to all services of every kind, performed either as officers or *ex-officio* officers.

APPEAL from a judgment of the Superior Court of Santa Barbara County. Samuel E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

Canfield & Starbuck and R. B. Canfield, for Appellants.

U. S. Webb, Attorney-General, E. W. Squier, Fred H. Schauer, and G. H. Gould, for Respondent.

MELVIN, J.—Defendants appeal from a judgment against them for $2,002.02. The suit was for money illegally paid by the plaintiff to defendant Twitchell, who was a supervisor and *ex-officio* road commissioner of the county.

With the exception of the amount involved, the case is exactly similar to the four cases in which judgments were affirmed by the district court of appeal of the second district. (*County of Santa Barbara* v. *Rucker et al.*, 35 Cal. App. 676, [170 Pac. 860].) This court refused to transfer those cases, but counsel for appellants suggest that a re-examination of the questions involved may cause this court to change the views heretofore entertained by its members and to disapprove the conclusions of the district court of appeal.

After a study of the briefs and a re-examination of the admirable opinion of that court, written by Mr. Presiding Justice Conrey, we are still convinced that it correctly declares the law, and upon that authority the judgment in the case before us should be affirmed.

In one of his briefs learned counsel for appellants contends that road commissioners are not county officers, and that, therefore, the inhibitions of the constitution do not apply to their compensation.

It makes no difference whether, as road commissioners, they are in a strict sense county officers or not, because salaries and fees paid in full compensation for the work of county officers apply to all services of every kind, performed either as officers or *ex-officio* officers. (Pol. Code, sec. 4290.) The compensation, therefore, is paid to the county officer and is made to cover all services.

The judgment is affirmed.

Wilbur, J., and Lennon, J., concurred.

Hearing in Bank denied.

Shaw, J., Melvin, J., Lawlor, J., Olney, J., and Angellotti, C. J., concurred.