[Civ. No. 3468.   Third Appellate District.—March 30, 1928.]

COUNTY OF SHASTA, etc., Respondent, v. H. L. MOODY, etc., Appellant.

Chenoweth & Leininger and Dozier, Kimball & Dozier for Appellant.

Jesse W. Carter, District Attorney, for Respondent.

PRESTON, J., *pro tem.*—This is an appeal by the defendant, H. L. Moody, from a judgment entered against him in the sum of $6,907.15, in favor of the county of Shasta.

The facts are not in dispute and can be thus briefly stated: On September 19, 1923, the appellant, H. L. Moody, became supervisor of the first supervisorial district of the county of Shasta, state of California, and immediately qualified and entered upon the discharge of his duties as such supervisor. He was, at the time of his appointment and qualification as supervisor, and had been for some time prior thereto, the owner and publisher of a newspaper in Redding, Shasta County, California, known as ''The Searchlight.'' In connection with the publication of said paper, appellant owned a general printing plant and conducted a printing and jobbing business. After appellant became supervisor, and while holding that office, he did printing, advertising, job work and sold supplies to the various county officials of the county of Shasta, including the board of supervisors, and claims for the same were presented to the board of supervisors, approved by them, audited by the county auditor, and paid by the treasurer. He collected from the county of Shasta while he was supervisor, for printing, advertising, job work and supplies, on these various claims, the sum of $5,755.96. After said claims had been paid, and on or about the 23d of July, 1925, the district attorney of the county of Shasta made demand in writing upon defendant to forthwith return said sum of $5,755.96 to the county of Shasta. Appellant ignored said demand and thereafter and on the twenty-sixth day of August, 1925, the district attorney brought this action in the superior court of the county of Shasta, in the name of the county of Shasta, to recover from appellant the money he had collected from the county for printing, advertising, job work, and supplies while he was supervisor.

The case was tried by the court sitting without a jury, and the court found, among other things, that at the time all the claims and demands were presented, allowed and paid by the county of Shasta, appellant was interested in the same, and the filing, presentation, approval, and payment of each and all of said claims was in violation of law and, therefore, illegal, and that said sum of $5,755.96 was paid to and received by appellant without authority of law, and rendered judgment against appellant for the sum of $5,755.96, and in addition thereto, twenty per cent penalty, as ·provided

in section 4005–b of the Political Code, making a total judgment of $6,907.15, as above stated.

This appeal is upon the judgment-roll alone.

■ Appellant contends that said claims were not illegal and void because of his interest therein.

Section 920 of the Political Code provides that "members of the legislature, state, county, city and township officers must not be interested in any contract made by them in their official capacity, or by any body or board of which they were members . . . " Section 4322 of the same code also provides as follows: "*Supervisors Must Not Be Interested in Purchases or Contracts*. No member of the board must be interested, directly or indirectly, in any property purchased for the use of the county, nor in any purchase or sale of property, belonging to the county, nor in any contract made by the board, or other person, on behalf of the county, for the erection of public buildings, the opening or improvement of roads, or the building of bridges, or for any purpose or act as a member of a committee or board of reviewers." Section 71 of the Penal Code provides a penalty by fine or imprisonment in the state prison for a violation of the above provisions of the Political Code, or for the doing of certain other acts prohibited by public officers acting in their official capacity.

These provisions of the Political Code are merely express legislative declarations of the common-law rule upon the subject and have been repeatedly upheld by the courts of this state. (*Berka* v. *Woodward*, 125 Cal. 128 [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777]; *Meyer* v. *City of San Diego*, 121 Cal. 102 [66 Am. St. Rep. 22, 41 L. R. A. 762, 53 Pac. 434]; *Stockton Plumbing & Supply Co.* v. *Wheeler*, 68 Cal. App. 592 [229 Pac. 1020]; *Neilson* v. *Richards*, 75 Cal. App. 680 [243 Pac. 697]; *Moody, etc.*, v. *Shuffleton, Jr., etc.*, 203 Cal. 100 [262 Pac. 1095].)

In *Berka* v. *Woodward, supra*, the court said: "Our statutes are general in prohibiting any officer from being interested in such contracts, and, if ever there was an occasion for its strict enforcement, it certainly exists in a case such as this where the contractor is a member of the common council whose duty it is to make such contracts on behalf of the city. He cannot be permitted to place himself in

any situation where his personal interest will conflict with the faithful performance of his duty as trustee, and it matters not how fair upon the face of it the contract may be, the law will not suffer him to occupy a position so equivocal and so fraught with temptation.''

In the case of *Stockton Plumbing & Supply Co.* v. *Wheeler, supra,* Mr. Justice Hart said: ''The principle upon which public officers are denied the right to make contracts in their official capacity with themselves or to be or become interested in contracts thus made is evolved from the self-evident truth, as trite and impregnable as the law of gravitation, that no person can, at one and the same time, faithfully serve two masters representing diverse or inconsistent interests with respect to the service to be performed. The principle has always been one of the essential attributes of every rational system of positive law, even reaching to private contractual transactions, whereby there are created between individuals trust or fiduciary relations. The voice of divinity, speaking from within the sublimest incarnation known to all history, proclaimed and emphasized the maxim nearly two thousand years ago on occasions of infinite sacredness.''

Furthermore, the supreme court in the recent case of *Moody* v. *Shuffleton,* above cited, seems to us to have definitely decided this precise question adversely to the contention here made by appellant. In that case the court held that contracts made with the various county officials of the county of Shasta by H. G. Moody, son of this appellant, for supplies, printing, job work and advertising were in violation of section 4322 of the Political Code and void, because such contracts were made, and said supplies, etc., were furnished to the county officials and charged to the county while appellant was supervisor, and while he was the owner and holder of a chattel mortgage on the printing plant from which the supplies, etc., were furnished. If such an indirect interest in, or lien upon, said printing plant would render contracts for supplies, etc., furnished the county from such plant, while appellant was supervisor, illegal and void, certainly it cannot be successfully contended that contracts *made by appellant himself with the various county officials for printing, advertising, etc., and*

*paid for by the county while he was supervisor and at the same time the owner of the printing plant, would be legal.*

Furthermore, the law is well settled that where a statute provides a penalty for an act, a contract founded on such act is void, although the statute does not pronounce it void, nor expressly prohibit it. (*Stockton Plumbing & Supply Co.* v. *Wheeler, supra; Berka* v. *Woodward, supra; Swanger* v. *Mayberry,* 59 Cal. 91; *Santa Clara Valley Mill & Lumber Co.* v. *Hayes,* 76 Cal. 387 [9 Am. St. Rep. 211, 18 Pac. 391]; *Gardner* v. *Tatum,* 81 Cal. 370 [22 Pac. 880]; *Morrill* v. *Nightingale,* 93 Cal. 452 [27 Am. St. Rep. 207, 28 Pac. 1068]; *Wyman* v. *Moore,* 103 Cal. 213 [37 Pac. 230]; *Visalia Gas & E. L. Co.* v. *Sims,* 104 Cal. 326 [43 Am. St. Rep. 105, 37 Pac. 1042]; *Woods* v. *Armstrong,* 54 Ala. 150 [25 Am. Rep. 671]; *Fowler* v. *Scully,* 72 Pa. St. 456 [13 Am. Rep. 699]; *Brooks* v. *Cooper,* 50 N. J. Eq. 761 [35 Am. St. Rep. 793, 21 L. R. A. 617, 26 Atl. 978].)

We see no escape from the conclusion that under the admitted facts the contracts for supplies, job printing, advertising, etc., were not only made in violation of the express provisions of section 4322 of the Political Code, but were contrary to public policy, and for these reasons void.

Appellant strenuously contends that the county is estopped from maintaining this action without first restoring, or offering to restore, to him the benefits received from the job work, printing, advertising, etc. There is no merit in this contention. The contracts being void under the express provisions of the statute, and also being against public policy, there is no ground for any equitable considerations, presumptions or estoppels. (*Berka* v. *Woodward, supra; Stockton Plumbing & Supply Co.* v. *Wheeler, supra; Neilson* v. *Richards, supra;* 21 Cal. Jur. 888.) The appellant relies upon such cases as *Riverside County* v. *Yawman & Erbe Mfg. Co.,* 3 Cal. App. 691 [86 Pac. 900], and *County of Sacramento* v. *Southern Pacific Co.,* 127 Cal. 217 [59 Pac. 568, 825], as supporting his contention that the respondent is estopped to maintain this action. The facts in those cases are decidedly different from the facts in the case at bar and are not in point. The contracts in the case at bar, as we have seen, *are against the express prohibition of the law and courts will not entertain any rights growing*

*out of such a contract, or permit a recovery upon a quantum
meruit or quantum valebat.   (Berka v. Woodward, supra.)*

We might add also that the record reveals that before
any supplies, printing, etc., were furnished to the county
by the appellant, he was warned by the district attorney
and also by the attorney-general that he could not legally
receive payment for any printing, advertising, supplies fur-
nished, or other work done for or on behalf of the County
of Shasta in his printing establishment, whether such print-
ing was done by order of the Board of Supervisors or any
county official, while he was holding the office of supervisor,
and it appears that the appellant did not heed such warn-
ings, but in apparent defiance thereof proceeded to, and
did, furnish supplies to and do printing, advertising, job
work, etc., for the county and collect money for the same.

Appellant also contends that the facts in this case do not
bring it within the operation of section 920 of the Political
Code, because it does not appear that the board of super-
visors made any contracts for the county with the appel-
lant; that the supplies were furnished direct to the various
county officials.  If it be conceded that section 920 of the
Political Code is not applicable under the facts in the case
at bar, still, there is no escape from the conclusion that the
various contracts were void by the express provisions of
section 4322 of the Political Code, above quoted, and also
void as being in contravention of public policy.

From the conclusions that we have reached, we deem it un-
necessary to discuss the other questions presented.  We are
fully convinced that the trial court's judgment was correct
and should be affirmed, and it is so ordered.

Hart, Acting P. J., and Plummer, J., concurred.