[Civ. No. 3603.   Third Appellate District.—June 29, 1928.]

S. SEVERANCE, Jr., Petitioner, v. E. S. BALL, as Treasurer, etc., Respondent.

H. W. McGowan for Petitioner.

Guy L. Louderback, District Attorney, for Respondent.

PLUMMER, J.—This matter is before us upon the application of the petitioner praying that a writ of mandate be issued directed to the respondent as treasurer of the county of Glenn, to pay certain claims allowed by the board of supervisors of said county. Omitting exhibit "A," which is not properly before us, the claims involved in this proceeding are as follows:

Exhibit "B"—Claim of A. A. Millsaps, for the sum of $5 for labor as levelman on county roads in Glenn County;

Exhibit "C"—Claim of S. Severance, Jr., for the sum of $5 for one day's labor as rodman in taking levels, elevations and setting grade stakes, etc., in the construction of the Wood Street road;

Exhibit "D"—Claim of August J. Hoever in the sum of $10 as transitman running levels on Villa Street in West Willows, in said county;

Exhibit "E"—Claim of Bayard Knock, county surveyor of Glenn County, $5 for expense in hiring levelmen on fieldwork survey;

Exhibit "F"—Demand of Thomas Myers, work for county surveyor taking yardage on Culver Road, 2 days' work as chainman at $5 per day;

Exhibit "G"—Claim of Heloise Dahlgren for $10 for typing specifications of four corners on Princeton Road;

Exhibit "H"—Claim of A. A. Millsaps for the sum of $80 for services as chainman measuring rods for map of county, 16 days' work at $5 per day. (All of the claims, except those of the petitioner, being assigned to him.)

The respondent refused to pay the claims on the ground that they were not proper charges against the county, and constituted items of expense for labor that should have been performed or paid for by the county surveyor of Glenn County.

Section 4214 of the Political Code provides that "the Surveyor must be a licensed land surveyor of the State, and must make any survey that may be required by order of the court or of the Board of Supervisors," etc.

Section 4267a of the Political Code (as added by Stats. 1927, p. 1122), which applies to the County of Glenn, provides that on and after December 31, 1927, the surveyor of the county of Glenn shall be paid, in equal monthly installments, a salary of $2,700 per annum for all work performed for the county, and in addition thereto he shall receive his actual traveling and other necessary expenses incurred by him while engaged in work in the field for the county.

Section 9 of article XI of the state constitution specifies: "That the compensation of any County, City, town or municipal officers shall not be increased after his election or during his term of office," etc.

While there is no express provision in any section of the Political Code requiring the board of supervisors to direct the performance of any particular work by the county surveyor, the question is presented in this case whether in employing or paying persons for doing work that comes within the purview of what is contemplated as a surveyor's duty, does not indirectly do what the board of supervisors would be prohibited from directly doing, to wit, increase the compensation of the county surveyor. The section of the Political Code fixing the compensation of the surveyor of the county of Glenn specifies that it shall be compensation for all work

performed for the county. In addition to this compensation, however, he is allowed his traveling expenses and other necessary expenses incurred by him while engaged in work in the field for the county. Section 4214 of the Political Code refers to the qualifications of a surveyor, to wit: "He must be a licensed land surveyor of the State." Webster's International Dictionary defines "surveying" as follows: "The operation of finding and delineating the contour, dimensions, position, etc., as of any part of the earth's surface, whether land or water; . . . also, a measured plan and description of any portion of county, or of a road or line through it." And "surveying," as "the act or occupation of making surveys; that branch of applied mathematics which teaches the art of determining the area of any portion of the earth's surface; the lengths and directions of the boundary lines; the contour of the surface," etc. A surveyor necessarily would be one who ascertains these facts or performs the duties necessary to their ascertainment.

Whenever a board of supervisors employ or approve the claim of anyone who has been employed either by themselves or by the county surveyor of the county of Glenn, to do the work which the law contemplates that the surveyor of that county should perform, then and in that case the same principle is involved as where an attempt is made to pay a deputy or an officer where the law does not provide for the employment of such a deputy but casts the duty of performance upon the principal officer. It has been frequently held that the compensation of an officer cannot be increased by the method of allowing compensation to deputies or assistants. (*Sarter* v. *Siskiyou County*, 42 Cal. App. 530 [183 Pac. 852]; *Welsh* v. *Bramlett*, 98 Cal. 219 [33 Pac. 66]; *Humboldt County* v. *Stern*, 136 Cal. 63 [68 Pac. 324]; *Humiston* v. *Shaffer*, 145 Cal. 195 [78 Pac. 651].) Other cases might be cited, but these are sufficient to illustrate the rule applicable here.

We do not deem it necessary to take up and consider at length the general powers of boards of supervisors as presented by counsel for the petitioner, for the simple reason that the general powers of boards of supervisors to make employments must be exercised in the light of constitutional provisions prohibiting the increase of the compensation of county officers either directly or indirectly. If an

officer of the county is paid to perform certain work, it is his duty to perform such services, and the board of supervisors, under the constitutional provision prohibiting the increase of an officer's salary by way of relieving an officer either of doing the work himself or bearing the expense of hiring assistants, possesses no power to employ or approve the claim of anyone whose employment results in the acts prohibited.

With these premises laid down, we have only to consider the legality of the claims as they appear upon their face. Exhibits "B," "D" and "E," upon their face, show that they are for services that should have been rendered by the county surveyor of Glenn County. They are for services which come within the definition of the duties of a surveyor, which we have set forth herein, to wit: Taking levels, services as a transitman, which is a part of the services of a surveyor in taking levels, and of hiring a levelman on field survey work, which is explicitly within the definition of the duties incumbent to be performed by the county surveyor. All of such work involved the taking of dimensions, positions, measuring the plans, description or length of any particular portion of the earth's surface, running lines upon roads, contour lines of the surface, etc. Thus the claim of A. A. Millsaps for five dollars as a levelman, the claim of August J. Hoever for services as a transitman, and the claim of Bayard Knock for expense in hiring a levelman on field survey work, must be held invalid.

The section of the Political Code fixing the salary of the surveyor of the county of Glenn allows him actual traveling expenses and other necessary expenses incurred by him while engaged in work in the field for the county. Common experience, of which we must take judicial knowledge, teaches that a surveyor in the field must ordinarily, in order to perform his duties as a surveyor, have with him men, in common parlance denominated "chainmen" and "rodmen." We know that carrying a chain, while necessary to surveying, is not surveying. We know that holding a pole or a rod, while necessary to the performance of his duties by a surveyor, is not surveying. Thus the claim of Thos. Myers for two days' work as chainman appears upon its face to be a legal charge, and having been approved by the board of supervisors as a necessary expense, should have

been paid. Exhibit "G," being the claim of Heloise Dahlgren for typing specifications, not showing upon its face that it is for work which should have been performed by the county surveyor, and having been approved by the board of supervisors as a proper county charge, must be so held.

▮ The claim of A. A. Millsaps for services as a chainman, for 16 days at five dollars per day, aggregating $80, stands upon an entirely different basis from any of the other claims assigned to the petitioner.

▮ Section 2655a of the Political Code, as added by the act of the legislature of 1927 (Stats. 1927, p. 1682), reads: "The board of supervisors shall make and keep on file a road mileage record, and keep the same corrected to date, showing every road in the respective road districts of the county upon which road funds are expended for construction or maintenance, and may determine such mileage by automobile speedometer. Each supervisor shall keep account of the actual work done in his district and the cost per mile thereof, except in a county in which the road work is in charge of a road engineer or highway engineer or in a county governed by a charter," etc. This work is no part of the duties of a county surveyor. The board of supervisors might have had the mileage measured in a different manner, but that does not prevent the board of supervisors from adopting the method pursued in the instant case. It therefore follows that the claim of A. A. Millsaps is a legal charge against the county.

As a conclusion from the foregoing the petitioner is entitled to a writ of mandate directing the payment of the claim of S. Severance, Jr., for one day's labor as a rodman, in the sum of five dollars. The claim of Thos. Myers for two days' work as chainman, in the sum of $10. The claim of Heloise Dahlgren for typing work, in the sum of $10. And the claim of A. A. Millsaps for measuring county roads, in the sum of $80. As to the other claims the petitioner is not entitled to a writ.

Let a writ of mandate issue for the payment of the claims herein found legal.

Hart, J., and Finch, P. J., concurred.