[Civ. No. 3840. Third Appellate District.—January 6, 1930.]

GUARD C. DARRAH, as District Attorney, etc., Respondent, v. COUNTY OF SAN JOAQUIN OF THE STATE OF CALIFORNIA, etc., Appellant.

Nutter, Hancock & Rutherford and A. P. Hayne for Appellant.

Tom H. Louttit and Daniel V. Marceau for Respondent.

THOMPSON, (R. L.), J.—This is an appeal from a judgment against the defendant which was entered for failure to answer after a demurrer to the complaint had been overruled. The problem for solution is whether a district attorney may maintain an action in his own name for necessary expenses incurred and paid by him for the services of detectives employed in the course of the prosecution of criminal cases.

The complaint alleges that the plaintiff as district attorney of San Joaquin County had expended from his private funds the sum of $454.95 as reasonable compensation for the services of several detectives, who are termed "operatives," employed by him to investigate and report to him the qualifications and desirability of accepting prospective jurymen who were summoned on a venire for the trial of criminal cases then pending in the county; that this service was necessary; that the claims of these agents had not been assigned to the plaintiff; that the plaintiff regularly presented to the board of supervisors his individual claim for payment of these expenses duly itemized and verified, which were disallowed. This suit was then commenced.

The defendant County of San Joaquin demurred to this complaint on the ground of uncertainty, misjoinder of parties plaintiff and that it failed to state a valid cause of action. The demurrer was overruled. The defendant refused to answer and judgment was thereupon entered against it, from which this appeal was perfected.

The appellant contends that (1) the employing of detectives or agents to investigate and report the qualifications and desirability of accepting prospective jurors is not

a *necessary* or *proper expense* incurred by the district attorney in the prosecution of criminal cases, (2) the district attorney is precluded by law from presenting for payment any claim except for his own personal service, (3) the claims of the detectives who performed the services were not assigned to the plaintiff and the action is, therefore, not brought in the names of the real parties in interest, and (4) section 4237 of the Political Code, which is the County Government Act of San Joaquin County, is unconstitutional as class legislation in so far as it assumes to authorize the district attorney to personally present a claim for expenses incurred in the prosecution of criminal cases except such as are in compensation for or incident to his own personal services.

Section 4307 of the Political Code, after allowing traveling and other personal expenses of the district attorney, provides in part:

"The following are county charges: . . . All other expenses necessarily incurred by him (the district attorney) in the detection of crime and prosecution of criminal cases. . . ."

■ It is not unreasonable to hold that a legitimate preliminary investigation in behalf of the district attorney regarding the qualifications and fitness of prospective jurors who have been drawn on a venire for service in important pending criminal cases is a wise and proper exercise of his official duty, and might greatly tend to prevent a miscarriage of justice. Reasonable compensation for such services is therefore a proper county charge.

■ The employment of detectives or operatives by district attorneys when it becomes necessary for the detection of crime or the prosecution of criminal cases, is authorized. (*Langdon* v. *Koster,* 157 Cal. 39 [106 Pac. 209].) The expense thus incurred is a proper county charge and may be recovered by the district attorney in his own name. (*Langdon* v. *Koster, supra; Fulkerth* v. *Stanislaus County,* 67 Cal. 334 [7 Pac. 754].) The case of *Langdon* v. *Koster,* above cited, is conclusive of this appeal. That was a petition for a writ of mandate, which was issued, requiring the auditor of the city and county of San Francisco to draw a warrant in favor of the district attorney in payment

of expenses incurred in employing a detective for the investigation of crime.

The judgment is affirmed.

Jamison, J., *pro tem.*, and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 5, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 3, 1930.

All the Justices present concurred.