[Civ. No. 11177. First Dist., Div. One.—April 30, 1941.]

COUNTY OF MARIN, Plaintiff and Appellant, v. RODNEY E. MESSNER, Defendant and Appellant.

A. E. Bagshaw, District Attorney, and Harold Jos. Haley, Deputy District Attorney, for Plaintiff and Appellant.

Martinelli & Gardiner for Defendant and Appellant.

GOODELL, J., *pro tem.*—Section 4005b of the Political Code provides in part that whenever the board of supervisors shall, without authority of law, order any money paid as salary, fees, or for any other purposes, and such money shall have been actually paid, it is the duty of the district attorney to institute suit in the name of the county against such person or persons to recover the money so paid and 20 per cent damages for the use thereof. Acting in pursuance of the foregoing provisions the district attorney of Marin County instituted the present suit in the name of that county to recover certain sums of money paid by the county to defendant while he occupied the position of county surveyor, alleging that such payments were authorized by the board of supervisors and paid by the county treasurer without authority of law. The total sum originally sued for was $28,-183, but by an amended complaint was reduced to $24,219.70. The trial court found in favor of the county on the issue of the illegality of the payments, but held that the three-year statute of limitations applied, and that therefore the county was entitled to recover only the moneys paid within the three years next preceding the filing of the complaint, which amounted to $4,122.50. Judgment was entered for that amount, without any allowance being made for damages. Each party has appealed, the defendant contending in support of his appeal that the payments were not illegal, or, if

so, that because of the circumstances hereinafter stated the county is estopped from suing for the recovery thereof; and in any event, that the two-year statute of limitations applies. The county contends in support of its appeal that the four-year statute of limitations governs, and that as a matter of law the county was entitled to 20 per cent damages on the amount recovered.

It appears from the evidence, which consists for the most part of written stipulations, that between February 3, 1927, and September 6, 1932, defendant presented to the board of supervisors and upon approval of said board the county treasurer paid some 507 separate claims, aggregating the amount here sought to be recovered. The claims so presented, approved and paid included two separate subject matters; first, mileage for the use of defendant's automobiles in transporting surveying parties—transit men, chain men, rod men, and field men, who were county employees working under defendant's direction—to and from the location of county construction and repair work and operations; secondly, for rental of surveying and engineering equipment owned by defendant and used by the said surveying parties in and upon county work. The claims for transportation were at the rate of fifteen cents a mile for each mile traveled until about September 4, 1929, and thereafter at the rate of ten cents a mile. The claims for rental of surveying and engineering equipment were at the rate of $2.50 per day for each unit of equipment so used. It further appears, and the trial court in effect so found, that the claims were presented, approved and paid pursuant to an arrangement made between the board of supervisors and defendant at the board's request, at a regular meeting of said board held in December, 1926. The arrangement was brought about in this manner: Defendant was elected surveyor at the August, 1926, primary election. At a special election held on September 26, 1925, the county had voted a bond issue of $1,250,000 for road construction, which was subject to the engineering control of the county surveyor. At its regular session in December the board called defendant before it and in open meeting informed him of a working agreement then existing between the board and the surveyor whereby the surveyor transported the men working under his supervision in automobiles owned by him, and furnished surveyor's equipment for their use at an allowance from the county of fifteen cents

a mile for the use of the automobiles, and $2.50 a day of actual use for each complete unit of engineering equipment. Defendant at first objected to a continuation of the arrangement, stating that he had no such transportation facilities or surveying equipment as would be required to take care of the work contemplated under the bond issue. The board then informed him that it did not want the county to spend the money for the purchase of the automobiles and equipment for the reason that the county would no longer have use for the same after completion of the road work under the bond issue, and that defendant would be in a better position to dispose of the automobiles and equipment than the county. Thereupon defendant agreed to proceed in accordance with the board's wishes, and in connection therewith it was further understood and agreed that the moneys thus to be paid to defendant would not provide any profit to defendant, but would compensate him only for the actual, necessary and proper expenses of transportation and performing said engineering work. In consummation of the agreement a motion was unanimously approved that such arrangement be continued with defendant for the duration of his occupancy of the office, but subsequently and at the same meeting the motion was withdrawn on the advice of the county clerk that such motion was unnecessary because the arrangement was merely a continuation of the system then in force. In September, 1929, the rental for the use of the automobiles was reduced from fifteen to ten cents a mile, but otherwise the arrangement so entered into remained unchanged, and in accordance therewith monthly claims were presented, allowed and paid for such mileage and rentals up to September, 1932.

At the trial it was stipulated that each charge made by defendant and each item of every claim allowed and paid involved actual and necessary transportation or use of the surveying equipment in performing the necessary duties of the office of county surveyor by defendant and said survey parties, in the sense that such transportation and use of engineering equipment were necessary, and that either the county or the defendant was bound to incur the expense therefor, either in the amount charged or some other amount; that the action of the board in allowing the claims was final and binding as to the amounts "if the board of supervisors had jurisdiction to allow anything on these items".

Section 920 of the Political Code as enacted in 1921 reads as follows: "Members of the legislature, state, county, city, and township officers, must not be interested in any contract made by them in their official capacity, or by any body or board of which they are members; *provided, that when traveling expenses are allowed by law to any such officer, he may contract with the appropriate authorities for an allowance or mileage rate for use of vehicles owned or rented and used by him in the performance of duty, in lieu of the usual transportation charges.*" (Emphasis ours.) It will be observed that the single exception noted by the section granting the right to contract is restricted to the matter of an allowance for the use of the vehicles; and it is the county's contention that neither under said exception nor any other statutory enactment did defendant have the right to contract with the county for the use of his automobiles except for his own personal transportation; and that there is no statutory justification whatever for that portion of the agreement relating to the rental of the engineering equipment; that therefore the entire agreement was made in violation of express statutory enactment, and the principle of public policy that officers shall not have a personal pecuniary interest in public transactions. In behalf of defendant it is contended that if the payments were authorized by statute they are legal, regardless of the question of the existence of any previous valid agreement between him and the board.

### The mileage claims.

The sole question on this phase of the appeal is whether the transportation of men employed by the county to assist the surveyor is a county charge allowable to him. If it is, then under the proviso in section 920 it was perfectly legal for the surveyor to collect, as he did, on a mileage basis "for the use of vehicles owned or rented and used by him in the performance of duty, in lieu of the usual transportation charges." That this transportation expense was necessarily incurred is not questioned, for it is settled by the stipulation that either the county or the defendant was bound to incur the expense.

When the defendant took office in January, 1927, the County Government Act for Marin County provided that the surveyor should receive "such fees as are now or may be hereafter allowed by law" (Stats. 1925, p. 693). That pro-

vision was superseded by an amendment which provided that thereafter the surveyor should receive an annual salary of $4,000 "and in addition thereto . . . his actual traveling and other necessary expenses incurred by him while engaged in work for the county" (Stats. 1927, p. 1157). The act as amended in 1929 contained the same provision as to compensation and expenses as the 1927 act, but it provided also for the appointment by the surveyor of two transit men at $9 a day and three at $8 a day, to be paid by the county (Stats. 1929, p. 993). In 1931 the county was reclassified but no change was made in the existing provision relating to the office of surveyor (Stats. 1931, p. 1078; Pol. Code, sec. 4252, subd. 12).

The county contends that this statutory language authorizes only the expenses of the surveyor himself, this position being stated in its brief as follows: "The statute is silent with respect to the traveling expenses or transportation charges of these employees. Neither they nor the surveyor are allowed these charges. It is too obvious for argument that had it been in the mind of the legislature to allow these expenses it would have clearly provided therefor as it did in other sections of the Political Code dealing with identical subject matter. The very fact that the compensation of the employees was provided and no provision made for traveling expenses is the clearest indication that such expenses were not intended to be allowed." The defendant, on the other hand, contends that when the statute speaks of the surveyor's expenses it includes those of everybody working under him. Moreover, the defendant relies upon section 4044 of the Political Code, which reads as follows: "The board shall provide, for the use of the surveyor, a suitable office, office furniture, heat, light, and care for the same, office and record books, and other necessary material, *also all necessary expenses and transportation on work performed in the field* . . . ". (Emphasis ours.)

In arguing that the County Government Act for Marin County is controlling and exclusive, the county points to the contrast between it and sections "dealing with identical subject matter", for other counties, namely, Sonoma, Stanislaus, Merced, Siskiyou and Mendocino, in which the legislature has expressly provided for expenses for the surveyor's assistants. Our own investigation discloses that the same is true also of

584

San Diego, Santa Clara, Fresno, Colusa and Kern Counties. This circumstance, however, proves nothing, for it is well known that there are about as many diverse provisions in every county government act as there are counties. For instance: As compared with the ten counties just mentioned, there are four,—Napa, Sutter, Tehama and San Joaquin,— where the statute allows the surveyor his expenses but is silent respecting those of his assistants, while in Ventura and Santa Cruz Counties the statute is silent not only with respect to the expenses of the assistants but with respect to those of the surveyor himself. In Alameda County elaborate provision is made for assistants but no *express* provision for *their* expenses. The Alameda statute (Pol. Code, sec. 4232, subd. 13), reads substantially the same as section 4044, Political Code, to wit: "the surveyor shall be allowed . . . all necessary expenses and transportation for work performed in the field". San Mateo's section (Pol. Code, sec. 4244, subd. 12), is substantially the same. Thus it will be seen that there are at least eight counties where the statute is silent with respect to expenses for the surveyor's assistants, as against ten where they are mentioned. And in at least eight,—Orange, Shasta, Butte, Amador, Mariposa, Alpine, Ventura and Santa Cruz, —no mention at all is made of the surveyor's *own* expenses. According to the argument of the county, in all these counties where the statute makes no express provision for the expenses of the surveyor or his assistants they cannot legally collect from the county for their transportation to and from the work in the field which they do for the county. We do not follow this argument, for section 4044 of the Political Code is general in its scope and application, and its language is broad enough, in our opinion, to cover *all* traveling expenses to and from work in the field, for *every* county surveyor in the state. ■ The county government acts are enacted pursuant to section 5 of article XI of the Constitution, which directs the legislature to "regulate the compensation of all such officers, in proportion to duties, . . . ". The Constitution says nothing with respect to the expenses of such officers. Simply because the legislature, when fixing compensation *in obedience to this constitutional mandate,* has in some instances superadded provisions for traveling expenses, it does not by any means follow that in the counties where the legislature went no further than to fix the compen-

sation, it intended to discriminate against the surveyors and their assistants in the other counties in the matter of traveling expenses. There is no apparent reason why the surveyor of one county should be entitled to his traveling expenses while his colleague in the next county should not be; or why the surveyor's assistants in X county should be entitled to their traveling expenses and those of Y county should not be. We are of course mindful that it is well-settled that fees and compensation of public officers, being of statutory origin, may be collected and retained only when they are specifically provided by law; moreover, the laws granting the same are to be strictly construed in favor of the government; and where ambiguity arises and the enactment admits of two interpretations the rule of strict construction in favor of the government must be applied. But it must be remembered that section 4044 of the Political Code is as much a part of the County Government Act as the sections therein which deal with the several classified counties; and it must be remembered, also, that section 4044 deals only with the subject of accommodations and expenses of county surveyors. Section 4044 is found in that part of the Political Code prescribing the powers and duties of boards of supervisors. The part of the section which attempted to delegate to the board the power to fix compensation of surveyors was held unconstitutional in the case of *Arnold* v. *Sullenger,* 200 Cal. 632 [254 Pac. 267], but with that exception the statute has remained substantially unchanged for forty-eight years, since it first appeared in section 145 of the County Government Act of 1893 (Stats. 1893, pp. 346, 382). In our opinion this section, which directs the board to provide for the surveyor "all necessary expenses and transportation on work performed in the field . . . " makes *all* such transportation expenses—those of his assistants as well as those of himself—a county charge as certainly and as effectively as section 4307 of the Political Code makes the traveling expenses of a district attorney or sheriff a county charge. Section 4307 reads in part as follows: "The following are county charges: . . . 2. The traveling and other personal expenses of the district attorney and the sheriff . . . and all other expenses necessarily incurred by either of them in the detection of crime, and in the prosecution of criminal cases, . . . ". The provisions of section 4307 (in so far as they relate to district

attorneys) likewise appear in the County Government Act of 1893 (Stats. 1893, p. 346, sec. 230, p. 511). They had appeared first in an earlier act. Both sections 4044 and 4307 are found among the general sections of the County Government Act, and they are to be found in every such act since 1893. They would seem clearly to be *in pari materia*. During all the years that these two sections have been in the county government acts, unchanged in any substantial respect, there have been, as already noted, innumerable changes in the same acts dealing with compensation and expenses of county officers in the fifty-eight counties (three, for example, in Marin County within the period involved in this litigation). There is nothing in the briefs or arguments of the county which convinces us that the 1927 and 1929 amendments,—although later and although relating specifically to the surveyor of Marin County,—were intended to supersede or to repeal by implication the provisions of section 4044.

The 1927 and 1929 amendments (Pol. Code, sec. 4252, subd. 12) allow the surveyor *"his* actual traveling and other necessary expenses incurred by *him* while engaged in work for the county." It is because of this language that the county invokes the *expressio unius* rule and contends that the statute means only the surveyor's *own* expenses. But the language of section 4307, dealing with district attorneys and sheriffs, is no more comprehensive or inclusive than that of section 4044. Moreover, similar language is used in the statute relating to the surveyor of Glenn County where section 4271, subdivision 12, Political Code, provides that the surveyor "shall receive *his* actual traveling and other necessary expenses incurred by *him* while engaged in work in the field for the county." (Emphasis ours.) In *Severance* v. *Ball*, 93 Cal. App. 56 [268 Pac. 1068], the treasurer was directed by mandate to pay claims for services rendered by assistants of the surveyor,—a chain man, a rod man and a stenographer. The court there said, "Common experience, of which we must take judicial knowledge, teaches that a surveyor in the field must ordinarily, in order to perform his duties as a surveyor, have with him men, in common parlance denominated 'chain men' and 'rod men' ". The claims for these assistants were held to be county charges under the Glenn County section, which differs from the Marin County section (sec. 4252, subd. 12) only in the immaterial addition of the words

"in the field". The same result has been reached in several cases arising under section 4307, *supra*. In *Langdon* v. *Koster*, 157 Cal. 39 [106 Pac. 209], and in *Darrah* v. *County of San Joaquin*, 103 Cal. App. 76 [283 Pac. 962], it was held that expenses incurred by a district attorney for the services of detectives employed by him in criminal cases were county charges. It was contended in the Darrah case, as it is here, that the statute authorized only the expenses of the officer himself. *County of Yolo* v. *Joyce*, 156 Cal. 429 [105 Pac. 125], was an action to recover money which the county had paid on a claim allowed by the supervisors for a transcript ordered by the district attorney in a criminal case where there had been a long interruption in the trial. The court held that the district attorney could properly order the transcript under section 4307. In the Langdon and Darrah cases, *supra*, the officer himself brought the action. There are, however, other cases under section 4307 where the claimants who furnished the services contracted for by the sheriff or district attorney were permitted to maintain the action. Thus in *Victors* v. *Kelsey*, 31 Cal. App. 796 [161 Pac. 1006], it was held that the district attorney could lawfully contract, under section 4307, for the services of an expert witness, and in *Cunning* v. *County of Humboldt*, 204 Cal. 31 [266 Pac. 522], it was held that a district attorney could lawfully contract for detectives' services. There are other cases holding that the expenses involved were authorized under that portion of section 4307 of the Political Code providing that the district attorney or sheriff is entitled to "all other expenses necessarily incurred by either of them in the detection of crime." It would seem to follow that similar language in section 4252 (12) of the same code (the 1927 and 1929 amendments) to the effect that the surveyor shall receive his "other necessary expenses incurred by him while engaged in work for the county" permits the surveyor to contract with third persons for the transportation of the members of his surveying parties to and from their work. Although the language of the two sections differs slightly, both deal with "necessary expenses" of county officers.

 If, under section 4252 (12) of the Political Code, the surveyor can lawfully contract with third persons for the necessary transportation of his employees, then it follows that under section 920 of the Political Code he can lawfully col-

lect such transportation charges when they are personally furnished by him. That section, after prohibiting public officials from being interested in any contract made by them in their official capacity, contains the proviso that, "when traveling expenses are allowed by law to any such officer, he may contract with the appropriate authorities for an allowance or mileage rate for the use of *vehicles* owned or rented and used by him in the performance of duty, in lieu of the usual transportation charges". It will be noted that the opening clause is that "when traveling expenses are allowed by law". It does not say "when *his* traveling expenses are allowed by law". The expression "traveling expenses" includes not only his personal traveling expenses, but also allowances for transportation of county employees which come within section 4252 (12) of the Political Code. This is also indicated by the use of the plural *"vehicles"* later in the section. That clearly indicates that there might be the simultaneous use of several vehicles, which in turn indicates an intent to allow a mileage rate for transportation of persons other than the surveyor himself. The interpretation of the words "traveling expenses" in the opening clause of section 920 as including transportation charges for other necessary employees is fortified by the presence of the words "transportation charges" as the concluding words of the section. The section does not read that the officer shall receive mileage in lieu of *his* usual transportation charges, but "in lieu of *the* usual transportation charges."

In 1933, section 4252, subdivision 12, was amended (Stats. 1933, p. 855), to provide that the five transit men should receive "their actual traveling and other necessary expenses incurred while engaged in work for the county". This amendment filled, in part (it did not cover traveling expenses of other members of the party such as chain men, rod men and laborers), the claimed void in the earlier statutes, which gave rise to this litigation. The county argues that the fact that the statute was amended shows that "prior thereto, such traveling expenses were not county charges". The preceding discussion we think answers this contention.

Our conclusion on this phase of the case is that section 4044 at all times here in question authorized the transportation expenses of the assistants as a county charge; that section 4252, subdivision 12 (as it read before the 1933 amend-

ment), was itself sufficient to warrant as a county charge such assistants' transportation expenses, under the reasoning of the Severance, Langdon, Darrah, Joyce and Victors cases, *supra;* that, therefore, under the proviso of section 920, such traveling expenses being "allowed by law to such officer" (the surveyor) he could legally make the mileage arrangement, as he did, "for the use of vehicles owned or rented and used by him in the performance of duty, in lieu of the usual transportation charges".

### *The claims for rental of equipment.*

As already appears, the single exception noted by section 920, granting the right to contract, is restricted to the matter of an allowance for the use of vehicles just discussed. The claims for the rental by the surveyor to the county of his equipment fall, in our opinion, squarely within the prohibition of section 920. This section, after all, is merely an express legislative declaration of the common law rule upon the subject (*County of Shasta* v. *Moody,* 90 Cal. App. 519, 521 [265 Pac. 1032], and cases cited). *Osburn* v. *Stone,* 170 Cal. 480, 490 [150 Pac. 367], was a taxpayer's suit to recover money claimed to have been illegally paid out for public work. One of the items attacked was for a surveying outfit rented to the city by the street superintendent. With respect to this the court said "Contracts such as these are not only denounced by public policy, but are expressly forbidden by section 811 of the Municipal Corporation Act [Stats. 1883, p. 266], . . . This section not only prohibits such contracts and makes them void, but forbids the payment of claims arising under them. It would therefore appear, in the absence of an explanatory answer, that the payment of one hundred and twenty five dollars for the rental of a surveying outfit belonging to the street superintendent· of the city and rented by him to the city was an illegal payment, . . . ." Section 811 reads as follows: "No officer of such city shall be interested, directly or indirectly, in any contract with such city, or with any of the officers thereof, in their official capacity, or in doing any work, or furnishing any supplies for the use of such city or its officers in their official capacity; and any claim for . . . supplies or materials furnished, in which any such officer is interested, shall be void . . . ." Although the language of section 811 is somewhat

more explicit than that of section 920, we are satisfied that these claims for rental are within the same rule of public policy mentioned in the Osburn case, and that that case is controlling. See, also, *Hobbs, Wall & Co.* v. *Moran,* 109 Cal. App. 316, 320 [293 Pac. 145], and cases cited. On this phase of the appeal we are unable to agree with the defendant that the pertinent statutory enactments warrant a construction contrary to the one placed upon them by the trial court.

Nor is there any merit in defendant's contention that if there was a contract, express or implied, between him and the board of supervisors, it was made by him in his private and not in his official capacity. ▮ The general rule is that "Any direct or indirect interest in the subject matter is sufficient to taint the contract with illegality, if the interest be such as to affect the judgment and conduct of the officer either in the making of the contract or in its performance." (2 Dillon on Municipal Corporations, p. 1146.) ▮ In the present case the agreement was made with defendant solely because of his official position as county surveyor, and was carried out by him as such. It was intended that the engineering equipment which was the subject of the agreement was to be used, and it was used, in performing county work, planned and supervised by defendant in the exercise of his duties as county surveyor; and the claims for its rental were filed by him while he occupied that position. Therefore the case is no different in principal from *Osburn* v. *Stone, supra,* and must be governed by the doctrine stated therein.

▮ Likewise without merit is defendant's point that the action herein constitutes an illegal collateral attack upon the decisions and *quasi* judicial determinations of the board of supervisors. It is quite true that where jurisdiction is vested in the board to determine questions of fact, such as whether particular claims have been necessarily incurred, and the claims are valid on their face, the action of the board in approving the same is not subject to collateral attack. The cases cited and relied upon by defendant are to that effect. But that doctrine has no application where, as here, the board has acted without jurisdiction and allows claims which upon their face are invalid, and expressly prohibited by law. In such cases the approval of the board adds nothing to the validity of the claims and they are subject to attack un-

der the provisions of section 4005b of the Political Code. (*County of Alameda* v. *Evers,* 136 Cal. 132 [68 Pac. 475]; *County of Shasta* v. *Moody, supra.*)

Defendant's contention that the county is estopped from recovering the moneys paid is based principally upon the premise that the action is one upon an implied equitable contract for money had and received; that in equity and good conscience the moneys sought to be recovered do not belong to the county, and that therefore the doctrine of equitable estoppel precludes the county from recovering any part thereof. The case of *County of Sacramento* v. *Southern Pac. Co.,* 127 Cal. 217 [59 Pac. 568, 825], is mainly relied upon in support of the foregoing contention. Obviously, however, the action is not one upon an implied equitable contract, but as already pointed out is a statutory action based on Political Code, section 4005b, wherein it has been shown that the board and the defendant acted, although perhaps innocently, in violation of statutory mandate with respect to the rental of the engineering equipment. Under such circumstances the doctrine of equitable estoppel declared in the case cited has no application.

With respect to the disputed question as to which of the three statutes of limitations must govern, it will suffice to say that the action is not one, as contended by defendant, upon an implied contract for money had and received, wherein the two-year statute is controlling; nor is it one, as contended by the county, to recover money from an involuntary trustee, wherein the four-year statute applies. As heretofore stated, it is an action based upon a liability created by statute, to wit, section 4005b of the Political Code; and therefore, as held by the trial court, the three-year statute (Code Civ. Proc., sec. 338, subd. 1), is controlling.

The point made by the county in support of its appeal, that in addition to the recovery of moneys paid it was entitled as a matter of law to an additional judgment for twenty per cent damages, cannot be sustained. While section 4005b makes it the imperative duty of the district attorney to institute suit for the recovery of moneys alleged to have been illegally paid "and twenty per cent damages for the use thereof", there is no mandatory duty imposed upon the court by statute or judicial decision to impose such damages. Therefore the matter of awarding damages rested in

the sound discretion of the trial court; and in view of the facts it cannot be said that such discretion has been abused.

The conclusions of law and the judgment are modified by striking therefrom the sum of $3,050 awarded plaintiff for the sums collected by defendant as mileage. This leaves the judgment at $1,072.50, the aggregate amount of the claims for the rental of equipment. As so modified the judgment is affirmed. The defendant will recover his costs on the plaintiff's appeal and each side will bear his or its own costs on the defendant's appeal.

Peters, P. J., concurred.

WARD, J., Dissenting.—I dissent.

I agree that the board and the defendant acted in violation of a statutory mandate with respect to the rental of the engineering equipment; and with the conclusions reached on all other questions disposed of in the majority opinion except that reached upon the subject of mileage paid for the use of automobiles employed in transportation with which I emphatically disagree.

The question involved in the action was whether the county surveyor of Marin County violated the provisions of section 920 of the Political Code in entering into a contract with the board of supervisors whereby it was agreed that he should receive from the county (a) certain rental for the use of surveying equipment owned and furnished by him to county employees assisting him in performing his duties in the field; and (b) additional sums of money as mileage for the transportation of said employees to and from their places of work in automobiles owned and furnished by the county surveyor. If the inhibitions of said section 920 were thereby violated, then all payments made to him pursuant to said contract were void, and the judgment entered in favor of the county for the recovery of said moneys should be affirmed in its entirety. The appeal is now before the court on rehearing. The majority opinion filed as the result of the former hearing, written by Justice Knight and in which I concurred, held that said contract was illegal as to both subject matters to which it related, and that therefore the judgment should be affirmed as rendered. (*County of Marin* v. *Messner,* (Cal. App.) [108 Pac. (2d) 74].) That decision was in conformity with

the ruling of the trial judge who passed upon the demurrer to the complaint, and also with the decision of the trial judge who heard and determined the cause on the merits. If that part of the contract was valid, authority therefor must be found either in the provisions of the County Government Act fixing the salary of the surveyor of Marin County, or in the provisions of section 4044 of the Political Code relating to county surveyors generally. In the opinion written by Justice Knight, it was stated in substance that the provisions of section 4044 were no broader in their scope than those of the County Government Act, and that under the latter the surveyor was authorized to collect mileage to cover his own personal expenses only. I adhere to the views expressed in that opinion, and adopt the following portion thereof in my dissent herein:

"It is well settled that fees and compensation of public officers, being of statutory origin, may be collected and retained only when they are specifically provided by law; moreover, the laws granting the same are to be strictly construed in favor of the government; and where ambiguity arises and the enactment admits of two interpretations the rule of strict construction in favor of the government must be applied. (*Irwin* v. *County of Yuba*, 119 Cal. 686 [52 Pac. 35]; *City of Corona* v. *Merriam*, 20 Cal. App. 231 [128 Pac. 769]; *County of San Diego* v. *Bryan*, 18 Cal. App. 460 [123 Pac. 347]; *County of Santa Barbara* v. *Rucker*, 35 Cal. App. 676 [170 Pac. 860]; *County of Santa Barbara* v. *Twitchell*, 179 Cal. 772 [178 Pac. 945].) Here the three county government acts above referred to provided merely that 'in addition thereto [referring to the annual salary] he shall receive *his* actual travelling and other necessary expenses incurred *by him* while engaged in work for the county' (Italics ours); *and it is apparent that the provisions of section 4044 of the Political Code do not in any way enlarge upon the provisions of the county government act.* [Italics added.] Fairly construed, therefore, in the light of the legal rules above cited, the language employed imports a clear legislative intent to limit the matter of travelling and other necessary expenses therein mentioned to such as are incurred personally by the surveyor. . . . That being so, there is no legal ground upon which those provisions may be extended judicially to include also expenses incurred by the surveyor for the transportation

of county employees working under his supervision, much less rentals for engineering equipment used by said employees.

"If it had been the intention of the law-making body to include therein the travelling and other expenses of the surveyor's assistants and other employees of the surveying party, it could easily have been accomplished by the use of appropriate language to that effect, as was done in the cases of several other counties. For example, the provision relating to Mendocino County (Stats. 1931, p. 1120) reads: 'The surveyor shall also be paid the actual and necessary expenses of transportation of himself, his deputy and surveying crews, and subsistence of himself and deputy, all while in the field.' And in the case of Siskiyou County the provision reads (Stats. 1931, p. 1124): ' . . . that said county surveyor shall be allowed all necessary transportation and expenses incurred by himself or deputies for work performed in the field.' The provisions relating to some of the other counties have been framed in substantially the same language. Moreover, the fact that in the provisions relating to other counties the legislature expressly granted the right of the surveyor to be paid also for the transportation and subsistence of the members of the surveying party working under his supervision, may be taken as evidence of a legislative interpretation that such right did not exist under the general section 4044 of the Political Code; otherwise it would not have deemed it necessary to include the same in provisions relating to particular counties."

Cases arising under section 4307 of the Political Code, cited in the majority opinion, should not be persuasive in this case. It is a well-known fact that in the detection of crime and in the prosecution thereof it is important that the activities of peace officers should not be blazoned forth to the public perhaps to the detriment of an innocent person, at least during the period of investigation; and there is sound reason for permitting the advancement and expenditure of funds by a peace officer without prior authorization and with the right to be subsequently reimbursed therefor. An apt illustration is the necessity at times for the investigation of actions of county officials where prior authorization for the necessary expenditure might not be easily obtained. There is no reason why a surveyor should be given a free hand in the expenditure of county funds unless by specific authorization. None of the

peace officer cases cited in the majority opinion approve the use of personal property of district attorneys or sheriffs, such as automobiles used by investigators, a charge for which is made against the county. The automobiles in the present case were owned by defendant and operated under his direction and supervision; the rental or mileage therefor was paid him by the county. In other words, the defendant as county surveyor contracted with himself to supply automobile transportation to county employees. As surveyor he determined the necessity and extent of such transportation. In his personal capacity he supplied the means of transportation, collecting therefor as a public official for his personal business. The principle that county officials shall not have a personal interest in public contracts is controlling in this case. (Pol. Code, sec. 920.)

In his official capacity the surveyor had a financial interest in subject matter not specifically permitted by statute and the trial court so found. The informal contract, originally entered into without official approval, is against public policy. Judicial sanction of such conduct tends to widen the door to further disregard of statutory provisions by county officers. The transaction, if not based upon fraud, is at least tainted with illegality. The statute requires a strict rather than a liberal construction. In my opinion the judgment should be affirmed without modification.

Plaintiff and appellant's petition for a hearing by the Supreme Court was denied June 26, 1941. Edmonds, J., voted for a hearing.